### C–B KENWORTH, INC., Plaintiff,

v.

### GENERAL MOTORS CORP., Defendant.

#### Civ. No. 87–0250–P.

United States District Court, D. Maine.

Jan. 18, 1990.

**14**

George S. Isaacson, Martin I. Eisenstein, Lewiston, Me., for plaintiff.

Wendell G. Large, Richardson & Troubh, Portland, Me., Daniel L. Goldberg, William N. Berkowitz, Andrea H. Maislen, Bingham, Dana & Gould, Boston, Mass., for defendant.

## ORDER ON PENDING MOTIONS

GENE CARTER, Chief Judge.

At the final pretrial conference on this case, the parties argued Plaintiff's Motions to Amend the Complaint and for Default. Since the conference Defendant has filed a Motion for Leave to File a Motion for Partial Summary Judgment and the Motion for Partial Summary Judgment. With the exception of the Motion for Partial Summary Judgment, these motions have all been fully briefed and are in order for decision.

■ Plaintiff seeks to amend its complaint to add a count alleging fraud under Maine law and a claim for punitive damages. The Court is cognizant of the admonition of Fed.R.Civ.P. 15(a) that leave to amend the pleadings should be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222, (1962). Because Plaintiff only obtained the document on which the proposed amendment is based shortly before making the motion, and because the fraud claim is closely related to Plaintiff's other claims made under the Maine Motor Vehicle Dealer's Act, justice requires that the amendment be allowed. Although some new discovery may be required, the Court does not view it as extensive or burdensome to Defendant.

In this circuit the Court may deny leave to amend if a proposed change is, as a matter of law, futile. *Demars v. General Dynamics Corp.*, 779 F.2d 95, 99 (1st Cir. 1985). Defendant invites the Court to examine various documents in the record and specific deposition testimony and conclude that Plaintiff's amendment is futile because there is no factual basis for the allegations made. The motion now before the Court is not, however, a motion for summary judgment on Plaintiff's proposed amendment, and the Court is not called upon to make factual determinations. The proposed allegations state a claim and are not futile as a matter of law. The Court, therefore, sees no compelling reason to deny the motion to amend.

■ Plaintiff also has moved for default for Defendant's failure to file an answer

after its motion to dismiss had been denied, or in the alternative for limitation of defenses to those raised in the motion to dismiss.[1] Defendant plainly did not file its answer in time. However, a year ago, at the final pretrial conference Defendant sought to file an amended answer, which, Plaintiff argues, contains new defenses not raised in the motion to dismiss. Plaintiff then clearly has notice of the defenses and has made arguments to the Court concerning them. Given the prior proceedings in this case, the Court finds Plaintiff's assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer.

 Finally, Defendant has moved for leave to file a motion for partial summary judgment. The original date for the filing of all pretrial motions was October 1, 1988. At the final pretrial conference, counsel represented to the Court that although the discovery deadline had passed, the parties had agreed to further discovery which was then ongoing. The Court granted Plaintiff's motion for leave to file further motions, and specific dates were set for the submission of all papers. At the conference, Defendant did not suggest that it might want to file other motions. Defendant now asserts that discovery concerning counts 8 and 9, the subjects of the proposed summary judgment motion, was not complete until February 17, 1989. Plaintiff represents that Defendant's discovery regarding those counts was complete on December 28, 1988. In any event, Defendant's motion was not filed until April 24, 1989, more than two months after it says discovery was complete, almost four months after Plaintiff says Defendant had finished its discovery on the issues, and six months after the court-imposed discovery and motion deadline. The Court finds such delay in bringing this motion forward unacceptable. Pretrial conferences and deadlines are designed to aid the Court in posturing cases for trial. They cannot serve their purpose, however, if parties feel free to proceed at their own pace. Defendant did not advise the court at the final pretrial conference that it might want to file more motions, and it has not offered any excuse for waiting two months after it says discovery was complete before requesting leave to file a motion for summary judgment. At this juncture, the interests of all parties will be better served if the Court denies the motion and sets the case for trial as soon as possible.

Accordingly, it is ORDERED that Plaintiff's Motion to Amend the Complaint is hereby GRANTED. Discovery on the new claims shall be completed by February 9, 1990. It is further ORDERED that Plaintiff's Motion for Default or in the Alternative to Limit Defenses is hereby DENIED. Finally, it is ORDERED that Defendant's Motion for Leave to File a Motion for Partial Summary Judgment is hereby DENIED.

SO ORDERED.

---

1. Defendant initially filed a timely answer to count 9 of the original complaint and a motion to dismiss or for summary judgment on counts 1–8 and 10–13. It renewed the motion to dismiss after the complaint was amended. The motion to dismiss was denied by the Court's order of March 25, 1988. Defendant did not file an answer within 10 days of the order as required by Fed.R.Civ.P.