MARCH 14, 1994

No. A–758. COLLINS, WARDEN *v.* BYRD. Application to vacate the stay of execution of sentence of death, presented to JUSTICE STEVENS, and by him referred to the Court, denied.

JUSTICE SCALIA, dissenting.

On April 17, 1983, respondent and an accomplice entered a convenience store, emptied the cash register, and took the clerk's wedding band and watch. He then stabbed the clerk, ripped the

store telephone out of the wall, and left his victim bleeding on the floor. The clerk died in a hospital a few hours later. The police arrested respondent early on the morning of April 18, after he had committed an armed robbery at another convenience store. Respondent was convicted of capital murder and sentenced to death on August 19, 1983. The sentence and conviction were affirmed on direct appeal by the Ohio Court of Appeals and the Ohio Supreme Court, see 512 N. E. 2d 611 (1987). We denied certiorari. 484 U. S. 1037 (1988). Respondent then filed a motion for state postconviction relief which was rejected by the trial and appellate courts. The Ohio Supreme Court denied review. 573 N. E. 2d 665 (1991). Respondent next filed a jurisdictional motion with the Ohio Supreme Court which alleged deficiencies in the performance of his appellate counsel on his direct appeal to the Ohio Supreme Court. That motion was rejected, see 596 N. E. 2d 472 (1992), and we recently denied an application to stay respondent's execution to consider a petition for certiorari stemming from the denial of that motion.

On March 7, 1994, only eight days before respondent's scheduled execution and six years after we denied certiorari on his direct appeal (almost 11 years after the murder for which he was tried and convicted, if anyone remembers that) respondent filed his first federal habeas petition. That formidable filing included 29 claims for relief and filled almost 300 pages. The District Court cited the substantial time gaps between respondent's conviction, rejection of his direct appeal, and denial of state postconviction relief, and rejected the habeas petition on the ground of delay. Respondent then sought a stay of execution from the Court of Appeals for the Sixth Circuit. The Sixth Circuit granted the stay, and petitioner filed this application to vacate the stay.

I have considerable sympathy for the District Court's view that respondent's habeas petition should be rejected on the ground of inexcusable delay. The decision whether to assert jurisdiction over a habeas petition calls for an exercise of the court's equitable discretion, see *Withrow* v. *Williams,* 507 U. S. 680, 715–718 (1993) (SCALIA, J., dissenting), and the petitioner's delay in filing is a factor the court may consider. Cf. *McCleskey* v. *Zant,* 499 U. S. 467, 489 (1991) ("[A] petitioner may abuse the writ by failing to raise a claim through inexcusable neglect"). We have for many purposes, however, abandoned (or forgotten) the equitable nature of habeas corpus, and under the current state of our law I cannot

say that it would have been unlawful or an abuse of discretion for the Sixth Circuit to require District Court consideration of the habeas petition on its merits, and to stay the execution pending that consideration. The Sixth Circuit's order, however, did much more than that.

First, the order stayed respondent's execution for "120 days to allow for further investigation and discovery of possible habeas claims." The Court of Appeals evidently ordered this *suo motu,* with no request for such relief from respondent himself—and understandably not. Respondent has had *six years* to "investigat[e] and discover possible habeas claims," and there is no justification for another four months' delay on that score. The Court of Appeals' action tells counsel for death-row inmates that they should not only wait until the 11th hour to file their habeas petitions, thereby assuring a postponement of execution to enable consideration of the petition, but should be sure that, even then, their petitions are not fully researched and investigated, so that further postponement can be obtained for that purpose as well. Only one bent on frustrating the death penalty could think this right. The Court of Appeals can order the District Court to consider respondent's petition in due course, but its decree of a 120-day extension for further investigation and discovery (during which the already leisurely course of Ohio justice must be further delayed) seems to me a plain abuse of discretion, if not entirely ultra vires.

The Sixth Circuit also ordered that "[t]hese habeas proceedings shall be held in abeyance until the Supreme Court either grants or denies petitioner's request for certiorari, as the Court's decision will be directly relevant to the resolution of one of petitioner's habeas claims." It seems to me that whether this Court's decision will be relevant to the District Court's task, and whether the possibility of relevance on one claim is worth "h[olding] in abeyance" the entire proceeding, are questions initially to be decided by the District Court. If that court goes ahead and decides the habeas petition, the Court of Appeals has authority to delay its own *review* of that decision to await our disposition of the certiorari petition; but it has no authority to order the District Judge to delay *his* decision when that does not seem to him the better course. The same usurpation of the District Court's function is displayed in the Court of Appeals' granting (again, apparently, on its own motion) of "leave . . . to amend the petition

within sixty (60) days of this order to include any newly discovered claims." Whether a motion to amend should be granted or denied is for the District Court to decide, subject to reversal only for abuse of discretion. See *Foman* v. *Davis,* 371 U. S. 178, 182 (1962); *Duchon* v. *Cajon Co.,* 791 F. 2d 43, 48 (CA6 1986); 28 U. S. C. § 2242 (application for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). The Court of Appeals' function is to review decisions of the District Court, not to establish district judges' timetables or to make discretionary determinations prematurely and in their stead.

I would grant petitioner's application to vacate the Sixth Circuit's stay. Since, as I have said, the Sixth Circuit could have entered a more limited stay for a more limited purpose, I would stay the execution for so long as is needed to permit the Sixth Circuit's reconsideration.