# FOMAN *v.* DAVIS, EXECUTRIX.

No. 41. Argued November 14, 1962.—Decided December 3, 1962.

*Milton Bordwin* argued the cause and filed briefs for petitioner.

*Roland E. Shaine* argued the cause for respondent. With him on the briefs was *Richard R. Caples.*

MR. JUSTICE GOLDBERG delivered the opinion of the Court.

Petitioner filed a complaint in the District Court alleging that, in exchange for petitioner's promise to care for and support her mother, petitioner's father had agreed not to make a will, thereby assuring petitioner of an intestate share of the father's estate; it was further alleged that petitioner had fully performed her obligations under the oral agreement, but that contrary thereto the father had devised his property to respondent, his second wife and executrix. Petitioner sought recovery of what would have been her intestate share of the father's estate. Respondent moved to dismiss the complaint on the ground that the oral agreement was unenforceable under the applicable state statute of frauds. Accepting respondent's contention, the District Court entered judgment on December 19, 1960, dismissing petitioner's complaint for failure to state a claim upon which relief might be granted. On December 20, 1960, petitioner filed motions to vacate the judgment and to amend the complaint to assert a right of recovery in *quantum meruit* for performance of the obligations which were the consideration for the assertedly unenforceable oral contract. On January 17, 1961, petitioner filed a notice of appeal from the judgment of December 19, 1960. On January 23, 1961, the District Court denied petitioner's motions to vacate the judgment and to amend the complaint. On January 26, 1961, petitioner filed a notice of appeal from denial of the motions.

On appeal, the parties briefed and argued the merits of dismissal of the complaint and denial of petitioner's

motions by the District Court. Notwithstanding, the Court of Appeals of its own accord dismissed the appeal insofar as taken from the District Court judgment of December 19, 1960, and affirmed the orders of the District Court entered January 23, 1961. 292 F. 2d 85. This Court granted certiorari. 368 U. S. 951.

The Court of Appeals reasoned that in the absence of a specific designation of the provision of the Federal Rules of Civil Procedure under which the December 20, 1960, motion to vacate was filed, the motion would be treated as filed pursuant to Rule 59 (e), rather than under Rule 60 (b); [1] since, under Rule 73 (a),[2] a motion under Rule 59 suspends the running of time within which an appeal may be perfected, the first notice of appeal was treated as premature in view of the then pending motion to vacate and of no effect. The Court of Appeals held the second notice of appeal, filed January 26, 1961, ineffective to review the December 19, 1960, judgment dismissing the complaint because the notice failed to specify that the appeal was being taken from that judgment as well as

---

[1] Rule 59 (e) provides:
"A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."
Rule 60 (b) provides in relevant part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . ."

[2] Rule 73 (a) provides in relevant part:
"The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules . . . granting or denying a motion under Rule 59 to alter or amend the judgment . . . ."

from the orders denying the motions. Considering the second notice of appeal, therefore, only as an appeal from the denial by the District Court of the motions to vacate and amend, the Court of Appeals held that there was nothing in the record to show the circumstances which were before the District Court for consideration in ruling on those motions; consequently it regarded itself as precluded from finding any abuse of discretion in the refusal of the court below to allow amendment.

The Court of Appeals' treatment of the motion to vacate as one under Rule 59 (e) was permissible, at least as an original matter, and we will accept that characterization here. Even if this made the first notice of appeal premature, we must nonetheless reverse for we believe the Court of Appeals to have been in error in so narrowly reading the second notice.

The defect in the second notice of appeal did not mislead or prejudice the respondent. With both notices of appeal before it (even granting the asserted ineffectiveness of the first), the Court of Appeals should have treated the appeal from the denial of the motions as an effective, although inept, attempt to appeal from the judgment sought to be vacated. Taking the two notices and the appeal papers together, petitioner's intention to seek review of both the dismissal and the denial of the motions was manifest. Not only did both parties brief and argue the merits of the earlier judgment on appeal, but petitioner's statement of points on which she intended to rely on appeal, submitted to both respondent and the court pursuant to rule, similarly demonstrated the intent to challenge the dismissal.

It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by

counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson,* 355 U. S. 41, 48. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1.

The Court of Appeals also erred in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint. As appears from the record, the amendment would have done no more than state an alternative theory for recovery.

Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

The judgment is reversed and the cause is remanded to the Court of Appeals for further proceedings consistent with this opinion.

*It is so ordered.*

Separate memorandum of MR. JUSTICE HARLAN, in which MR. JUSTICE WHITE joins.

I agree with the Court as to the dismissal of petitioner's appeal by the Court of Appeals. However, as to her motion to vacate the order of the District Court and for leave to amend the complaint, I believe such matters are best left with the Courts of Appeals, and I would dismiss the writ of certiorari, in that respect, as improvidently granted.