EASTERN AIR LINES, INC.,
Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION,
Defendant-Appellee.

No. 11–1.

Temporary Emergency Court of Appeals.

Argued Feb. 9, 1982.
Decided April 27, 1982.

---

9. 41 U.S.C. § 609(a)(3) (Supp. III 1979) provides:

James H. Bratton, Jr., Gambrell, Russell & Mobley, Atlanta, Ga., with whom Donald L. Rickertsen and John G. Despriet, Atlanta, Ga., William G. Bell, Jr., Eastern Air Lines, Inc., and Laurence A. Schroeder and James Knight, Walton, Lantaff, Schroeder & Carson, Miami, Fla., were on the brief, for plaintiff-appellant.

Thomas R. Trowbridge, III, Donovan, Leisure, Newton & Irvine, New York City, Andrew J. Kilcarr, Maureen O'Bryon and James P. Shaughnessy, Donovan, Leisure, Newton & Irvine, Washington, D.C., David S. Batcheller, Smathers & Thompson, Miami, Fla., and Charles F. Rice and Francis

A. Rowen, Jr., New York City, of counsel, were on the brief, for defendant-appellee.

Before HEMPHILL, MAXWELL and POINTER, Judges.

POINTER, Judge.

This is an appeal from an order of the United States District Court for the Southern District of Florida, granting defendant's motion for summary judgment under Counts I and II of plaintiff's complaint.[1] This order has been made final under Rule 54(b) of the Federal Rules of Civil Procedure. We reverse.

Eastern instituted this action on June 12, 1974, complaining of the price it was charged for jet fuel by Mobil during a period when, under federal energy regulations, its purchases of fuel at the Boston, Syracuse, and Los Angeles airports were required to be made from Mobil.[2] Counts I and II were based upon Section 210 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, and the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. §§ 751 et seq.

Eastern first asserts that, for the Boston and Syracuse Airports, Mobil erroneously determined the base price of jet fuel as of May 15, 1973, the date used for calculation of the maximum prices permissible under the regulations.[3] For the reasons stated by the District Court, we reject Eastern's contentions and uphold the rulings regarding the proper "transaction price" for each airport. The price to be used in determining the base price at the Boston airport was the price for the delivery made on May 9, 1973, under a contract between Mobil and TWA dated November 20, 1970—the delivery that most immediately preceded May 16, 1973, under the contract most immediately preceding May 16, 1973—rather than the price of a later delivery under an earlier contract

---

1. The District Court opinion, dated May 1, 1981, is reported at 512 F.Supp. 1231.

2. See 10 C.F.R. Parts 210–212. The mandatory supply relationship between Mobil and Eastern

lasted from November 1, 1973, until October 31, 1974.

3. See 10 C.F.R. § 212.82, "maximum allowable price."

with Delta.[4] The transaction to be used in determining the base price at the Syracuse airport was the price for a delivery on May 15, 1973, due to be paid under a contract between Mobil and American Airlines, rather than the price mistakenly billed for that delivery by reason of a clerical error.

■ Eastern's second assertion is that Mobil has engaged in price discrimination by charging Eastern higher jet fuel prices than it charged TWA, another member of Eastern's jet fuel class. Eastern claims that it is entitled to relief for such discrimination either as an overcharge under § 210(b) of the Economic Stabilization Act of 1970 or as a claim under the more general provisions of § 210(a) of the ESA.[5] We agree with the District Court that "overcharge" is a term of art under § 210(b, c)[6] of the ESA, relating only to charges in excess of the ceiling price under the price regulations, not to discriminatory pricing. We find that the District Court was in error, however, in not addressing the issue of discrimination under § 210(a) of the ESA and 10 C.F.R. § 210.62(b).[7]

■ The District Court acknowledged that an action might lie for price discrimination under § 210(a), but declined to consider this issue, stating that Eastern's complaint did not set forth such a claim even when liberally construed. While the language of Counts I and II in Eastern's complaint could be viewed as claiming relief only for statutory overcharges, and while Eastern was late in requesting formal amendment setting forth a claim under § 210(a), the facts upon which this claim was based had long been before the District Court.[8] The liberal standards for leave to amend pleadings under Rule 15 of the Federal Rules of Civil Procedure gain particular significance when the movant seeks merely to present an alternative theory of recovery, for parties should have the opportunity to seek whatever relief they may be entitled to under the facts. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The factual basis for a price discrimination claim under § 210(a) was encompassed in Eastern's earlier amendment, which the court had allowed, requesting relief for price discrimination under the Robinson-Patman Act. Since a claim of price discrimination was already a matter of controversy between the parties, and since any factual basis for this type of claim had been the subject of discovery, leave to amend the complaint to allege a claim under § 210(a) would have caused no prejudice to Mobil.

Eastern also challenges the District Court's ruling that Mobil's "banks"[9] of recovered increased product costs insulate it from Eastern's claims. Since the District Court addressed the question of a fuel supplier's proper allocation and use of banked costs only with reference to "overcharges,"

4. In its reply brief on appeal, Eastern does not concede the correctness of this holding, but acknowledges that this issue is controlled by *Taunton Municipal Lighting Plant v. Quincy Oil, Inc.*, 669 F.2d 710 (TECA 1982).

5. § 210(a) provides in relevant part that "[a]ny person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action . . . for appropriate relief, including an action for . . . damages."

6. § 210(c) defines "overcharge" as "the amount by which the consideration for . . . sale of goods . . . exceeds the applicable ceiling under [the mandatory petroleum price] regulations."

7. 10 C.F.R. § 210.62(b) provides:

No supplier shall engage in any form of discrimination among purchasers of any allocated product. For purposes of this paragraph, 'discrimination' means extending any preference or sales treatment which has the effect of frustrating or impairing objectives, purposes and intent of this chapter or of this Act.

8. Eastern had asserted a claim under § 210(a) in its motion for summary judgment, but did not move to amend its complaint until June 1, 1981, after summary judgment had been entered in favor of Mobil. Several years earlier, however, in its request for amendment on October 20, 1977, Eastern had set forth a price discrimination claim under the Robinson-Patman Act; this amendment was allowed on December 31, 1979.

9. *See* 10 C.F.R. § 212.83(d).

we find it unnecessary to consider in the first instance the question of banking as a potential offset to damages for price discrimination.

This case is reversed and remanded for consideration of Eastern's claim of price discrimination under § 210(a) of the ESA. We express no view with regard to the merits of this claim either on the facts or the law, and leave for the District Court to determine whether Eastern's claim necessi- tates further hearings or whether an appro- priate disposition may be made by motion for judgment on the pleadings or for sum- mary judgment.

REVERSED.