Decided December 4, 1987

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | |
|---|---|
| PEDRO P. TENORIO, | CIVIL ACTION NO. 85-488 |
| Plaintiff, | |
| vs. | |
| CARLOS S. CAMACHO, et al., | |
| Defendants. | |
| CARLOS S. CAMACHO, | CIVIL ACTION NO. 85-507 |
| Cross-Claimant, Third-Party Defendant and Counter-Defendant. | |
| vs. | ORDER |
| BANK OF SAIPAN, et al., | |
| Cross-Claimant, Third-Party Plaintiffs and Counter-Claimant, | |

The defendant Carlos Camacho has filed a motion to amend its cross-claim against the Bank of Saipan and Sid Blair pursuant to Com.R.Civ.Pro., Rule 15. The motion is opposed by the cross-defendants.

PROCEDURAL BACKGROUND

These two lawsuits were filed over 25 months ago. During the course of the proceedings the following orders, inter alia, were entered:

250

1.   An order dated November 5,  1986  that required   all  discovery  be  completed  by January 30, 1987, all pretrial motions  be  filed February 15,  1987, and a trial date of March 16, 1987 was set.

2.   An order dated February 12, 1987  which extended  the discovery time to March 4, 1987 and set a trial date of May 4, 1987.

3.   An order dated April  10,  1987  which vacated  the  May 4, 1987 trial date and provided that the plaintiffs were allowed to file  amended pleadings no later than May 11, 1987 and defendant Camacho was given until no  later  than  May 31, 1987  to  file  any answer, cross-complaint, or counterclaim as he may deem proper.

4.   An order dated  May  11,  1987 which extended  the  time  for  plaintiffs to file an amended complaint to June 1, 1987 and for  Camacho to  file  any  answer  or  cross-claims  or counterclaim by June 22, 1987.  This  order  also included  a statement by the court that no further extensions would be allowed.

5.   An order setting  a  trial  date  for February 1, 1988.

6.   An  order  continuing the trial date to February 29, 1988.

Pursuant to the May 11, 1987 order, the plaintiffs filed amended complaints by June 1, 1987. However, defendant Camacho's cross-claims against Bank of Saipan and Blair were not filed until August of 1987. The latter have filed answers to these pleadings and the matter is at issue and ready for trial.

## DISCUSSION

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has stated that the granting of leave to amend the complaint is within the discretion of the court. Zenith Radio Corp. v. Hazeltine, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). In the absence of any good reason for denial, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to defendant, or futility of amendment, leave should be freely given. Fonan v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

While delay in amending the complaint is never sufficient in itself to deny amendment of the complaint, the longer a party has delayed in bringing the amendment, the less prejudice must be shown to justify denying leave to amend. Of course, undue prejudice alone could justify denying leave to amend. UNR Industries, Inc. v. Continental Ins. Co., (D.C. Ill., 1985) 623 F.Supp. 1319, 1325.

A party who inexcusably delays in seeking leave to amend is in effect holding back the lawsuit. That approach is contrary

252

to the policy of the federal rules in favor of "the just, speedy and inexpensive determination of every action." Id. This logic is equally applicable in this jurisdiction. See Com.R.Civ.Pro., Rule 1.

Defendant Camacho seeks now to amend his cross-claim less than three months before the date set for trial. The court has already extended Camacho's time for filing his cross-claim once. Camacho has made no showing as to any extraordinary reasons as to why he has delayed until this late date in attempting to amend his cross-claim. The new allegations in Camacho's proposed amended cross-claim contain no new facts which were not known to Camacho at the time he filed his original cross-claim. When this court granted Camacho's request for an extension to file his cross-claim, it was made clear that no further extensions would be granted. Even then, the amended cross-claim was filed almost two months late in violation of the May 11th order. Camacho has plainly unduly delayed in moving for leave to amend his cross-claim.

Further, co-defendants Bank of Saipan and Sid Blair would suffer prejudice if Camacho were allowed to amend his cross-claim at this late date. Bank of Saipan and Blair would not only be forced to file a new answer to Camacho's cross-claim but would likely be compelled to take Camacho's deposition once again.

On February 24th, Camacho's deposition was taken when counsel for plaintiffs and Camacho were present. Bank of Saipan and Blair were not even parties to the litigation and

**253**

consequently their counsel were not present. The deposition delves into the basic facts of the circumstances of the alleged defamation and how Camacho received the information resulting in his statements. Any exploration into possible fraud on the part of Bank of Saipan and/or Blair was essentially omitted. Fraud, with all its necessary elements, is necessarily a fact oriented cause of action. The passage of time bears directly on the question of prejudice for those who are to defend the claim.

Then, of course, is the prejudice to parties who are not even represented at this motion to amend - the plaintiffs. It must be assumed that they are desirous of having this matter proceed to trial. It is their lawsuit for damages. The potential of a delayed trial is real should the amendment of Camacho be allowed.

Courts have repeatedly held that motions to amend made after the time to amend has been cut off will be denied if such an amended complaint would force the opposing party to engage in extensive and costly new discovery in order to respond to the amended complaint, thus denying all of the parties to the suit, a reasonably speedy disposition of the action. See, Hannah v. City of Overland, (8th Cir., 1986) 795 F.2d 1385, 1392; Jordan v. County of Los Angeles, (9th Cir., 1982) 669 F.2d 1311, 1324, reversed on other grounds 459 U.S. 910; UNR Industries v. Continental Ins. Co., (D.C. Ill., 1985) 623 F.Supp. 1319, 1326.

254

It is axiomatic that justice delayed is justice denied. To further delay this action because Camacho seeks to amend his cross-claim to include allegations which he could have included in his original cross-claim would unduly prejudice, not only Bank of Saipan and Blair, but all the parties to this case. Camacho has offered no explanation for this delay which might mitigate the prejudice to the other parties.

Based on the foregoing, defendant Camacho's motion to amend his cross-claim is hereby denied.

Dated at Saipan, CM, this 4th day of December, 1987.

Robert A. Hefner, Chief Judge

255