108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ralph HARVEY, Plaintiff-Appellant,
v.
Patricia HARVEY and Sandra McDonough, Esq., I/O, Defendants-Appellees.
 No. 96-7476.
 United States Court of Appeals, Second Circuit.
 March 5, 1997.
 
 Appearing for Appellant: Ralph Harvey pro se, Trumbull, Ct.
 Appearing for Appellee Harvey: William B. Barnes, Rosenstein & Barnes, Fairfield, Ct.
 Appearing for Appellee McDonough: Lisa M. Faris, McGrail, Carroll & Sheedy, New Haven, Ct.
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE AMALYA L. KEARSE, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was submitted by plaintiff pro se and by counsel for defendants.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment and order of said District Court be and they hereby are affirmed
 
 
 3
 Plaintiff pro se Ralph Harvey appeals from a judgment of the United States District Court for the District of Connecticut, Dominic J. Squatrito, Judge, dismissing his complaint charging defendants Patricia Harvey and Sandra McDonough, his former wife and her attorney, respectively, with violations of his rights under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and his rights under the Constitution, and from an order denying Ralph Harvey's motion to disqualify Patricia Harvey's attorney. On appeal, Ralph Harvey principally contends that the district court erred in denying his disqualification motion. We reject his contentions. Ralph Harvey showed no valid ground in the district court for disqualifying counsel. We affirm the dismissal of the complaint substantially for the reasons stated in Judge Squatrito's Memorandum Opinion and Order dated March 25, 1996.
 
 
 4
 Ralph Harvey also argues that he should be allowed to amend his complaint. We reject this contention. Although leave to amend should be "freely given when justice so requires," Fed.R.Civ.P. 15(a); see Foman v. Davis, 371 U.S. 178, 182 (1962), leave is not required where, as here, amendment would be futile, see id. Further, justice does not require that an amendment be permitted here in light of Ralph Harvey's history of repeated institution of meritless charges in this and related litigation. See, e.g., Harvey v. Harvey, No. 92-7421 (2d Cir. Dec. 3, 1992) (affirming dismissal of prior § 1983 action against wife and her attorney); Harvey v. Harvey, No. FA90-00032420S, 1993 WL 28887, at * 1 (Conn.Super.Ct. Jan. 27, 1993) (noting plaintiff's numerous meritless litigation tactics and ploys, including suits against "both his wife and her counsel in the United States District Court"; "complaints before both the state and federal grievance committees against his wife's attorney"; suit against "the director of the state grievance committee for failure to hold a hearing on his complaints"; motions to disqualify various attorneys; a motion "to recuse one of five judges who heard some of the motions on this matter"; and "a complaint against another of the five judges before the Judicial Review Council").
 
 
 5
 We have considered all of Ralph Harvey's arguments and have found them to be frivolous. The judgment dismissing the complaint and the order denying the motion to disqualify counsel are affirmed.
 
 
 6
 This Court has also received a motion by Ralph Harvey for an injunction against a judge of the Connecticut Superior Court in connection with an action filed by McDonough in that court against Ralph Harvey under a Connecticut statute and common law, alleging vexatious litigation and abuse of process. Ralph Harvey's motion in this Court seeks an order requiring the state-court judge to vacate an order dated February 19, 1997, refusing to dismiss the action, and an injunction prohibiting McDonough from filing any action in state court that is related to Ralph Harvey's prior litigation in federal court. Ralph Harvey's present motion, which mischaracterizes McDonough's state-court complaint as one seeking relitigation of matters previously decided, is being denied as frivolous.
 
 
 7
 Plaintiff is warned that his further filing of frivolous appeals, actions, or motions may result in the imposition of sanctions against him and/or the imposition of injunctions against further filings without obtaining leave of the court in which such filing is sought to be made.