92 F.Supp.2d 66 (1999)
Theodore E. GALUSHA, Teena Willard, and William Searles, Plaintiffs,
v.
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION; John P. Cahill, sued herein in his official capacity as Commissioner of the New York State Department of Environmental Conservation; Adirondack Park Agency of the State of New York; Daniel T. Fitts, sued herein in his official capacity as Chairman of the Adirondack Park Agency of the State of New York; George E. Pataki, sued herein in as Governor of the State of New York; John Doe, individually; and State of New York, Defendants,
and
Adirondack Council, Adirondack Mountain Club, Inc., Residents' Committee to Protect the Adirondacks, Environmental Advocates, Association for the Protection of the Adirondacks, Graham L. Cox, Lisa M. Genier, Debra Hamilton, and Ernest B. LaPrairie, Intervenor-Defendants.
No. Civ.98CV1117LEK/RWS.
United States District Court, N.D. New York.
November 19, 1999.
*67 Donohue, Sabo, Varley & Armstrong (Alvin O. Sabo, of counsel), Albany, NY, for plaintiffs.
Litigation Clinic, Albany Law School (Joseph T. Baum, of counsel), Albany, NY, for plaintiffs.
Hon. Eliot Spitzer, Attorney General for the State of New York (Lisa M. Burianek, of counsel), Assistant Attorney General, Albany, NY, for defendants.
Young, Sommer, Ward, Ritzenberg, Wooley & Moore (Douglas H. Ward, of counsel), Albany, NY, for Intervenor-defendants.
Carter, Conboy, Case, Blackmore Napierski & Maloney (Blair W. Todt, of counsel), Albany, NY, for Adirondack Mountain Club.

MEMORANDUM  DECISION AND ORDER
RALPH W. SMITH, Jr., United States Magistrate Judge.

Background
Presently before this Court is intervenor-defendants' motion for leave to amend *68 their answer and assert cross-claims against defendants pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 7.1(a)(4). However, intervenor-defendant Adirondack Mountain Club failed to move for leave to amend and simply filed their cross-claims with the Court. For purposes of this memorandum  decision and order, this court will construe Adirondack Mountain Club's cross-claim filing of May 14, 1999 as a motion for leave to amend and address it simultaneously with the remaining intervenor-defendants' motion.
Plaintiffs are three mobility disabled persons who require the assistance of motorized vehicles to access certain areas of the Adirondack Park. Plaintiffs' complaint alleges that defendants have intentionally discriminated against them by denying persons with disabilities motor vehicle access to certain areas of the Adirondack Park while allowing extensive motor vehicle use in those same areas, (Compl. at ¶¶ 40, 41), in violation of 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-33, (Compl. at ¶¶ 45-49, 62).
Intervenor-defendants, a group of not-for-profit organizations, associations and individuals committed to preserving the environment, moved to intervene in the action, asserting that the "adverse environmental impacts which could result from the disposition of plaintiffs' claims" were not adequately represented by either party in the action. (Mem. in Supp. of Intervention at 4.) In their supporting memorandum, intervenor-defendants claimed that defendants issued permits which were unlawful. Id. at 5. The motion to intervene was granted.

The Proposed Cross-Claims
The proposed cross-claims, submitted pursuant to Local Rule 7.1(a)(4), allege violations of intervenor-defendants' rights under Article 14 of the New York State Constitution, the "Master Plan" as promulgated by the Adirondack Park Agency of the State of New York, and other New York State regulations. (Proposed Cross-cl. ¶¶ 44-57.) In essence, intervenor-defendants maintain that defendants' "wrongful allowance of ... motor vehicles in the forest preserve, through the improper issuance of [Temporary Revocable Permits], and through inappropriate and unnecessary motor vehicle use by the [Department of Environmental Conservation] and other state administrative personnel, has caused environmental damage" and "unreasonably interfered with [intervenor-defendants'] ability to use and enjoy the Park and Forest Preserve." (Proposed Cross-cl. ¶¶ 45, 56.)
Plaintiffs and defendants oppose intervenor-defendants' motion on the ground that the proposed cross-claims do not involve any alleged violation of federal law and that the claims are barred by the Eleventh Amendment to the United States Constitution as they assert claims against the state. (Pls.' Mem. in Opp'n to Am. at 4; Defs.' Mem. in Opp'n to Am. at 3.) All opposing parties maintain that the Federal Rules of Civil Procedure and related statutes are created pursuant to and are subordinate to the United States Constitution. (Pls.' Mem. in Opp'n to Am. at 3; Defs.' Mem. in Opp'n to Am. at 3.) They contend that it follows that intervenor-defendants' motion to amend should be denied unless and until jurisdiction is found under the Eleventh Amendment. Id.
Intervenor-defendants replied stating that the United States Supreme Court in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), has clearly set forth the circumstances under which a motion for leave to amend should be denied and that neither plaintiffs nor defendants have identified any such circumstance. (Intervenor-defs.' Reply Mem. at 2.) Intervenor-defendants further contend that the proper medium within which to submit an Eleventh Amendment defense is in the form of a motion to dismiss. (Intervenor-defs.' Reply Mem. at 2.)

Discussion

I. Rule 15(a) Standard
Rule 15(a) provides that once a responsive pleading has been served, a party may *69 amend its pleading by leave of the court and leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has set forth the circumstances under which courts should allow such amendments:
In the absence of any apparent or declared reason  such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to prove deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.  the leave sought should, as the rule requires, be "freely given."
Foman, 371 U.S. at 182, 83 S.Ct. 227 (quoting Fed.R.Civ.P. 15(a)).
"[T]he principle that permission to amend to state a claim should be freely granted ... is likewise applicable to dismissals for failure to plead an adequate basis for federal jurisdiction." Oliver Schools, Inc. v. Foley, 930 F.2d 248, 252 (2d Cir.1991); see also 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.10, at 15-104 (2d ed.1990). Further, the Supreme Court and the Second Circuit have recognized the Eleventh Amendment as an affirmative defense which should properly be advanced within the context of a motion to dismiss a cross-claim. See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 386, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); Foley, 930 F.2d at 253.

II. Eleventh Amendment
This Court is not unpersuaded by plaintiffs' and defendants' Eleventh Amendment arguments. The claims presented in intervenor-defendants' proposed cross-claim border on futility. See Marchi v. Board of Cooperative Educational Services, 173 F.3d 469, 478 (2d Cir.1999) (stating that although leave to amend may be freely granted, it may be denied within the trial court's discretion where the proposed amendment would be futile). The proposed claims are claims against the state alleging violations of the state constitution and state regulations. (Proposed-Cross-cl. ¶¶ 44-57.)
The Supreme Court in Hans v. Louisiana, 134 U.S. 1, 20, 10 S.Ct. 504, 33 L.Ed. 842 (1890), extended the Eleventh Amendment's prohibition to include suits against a state by the state's own citizens. The Eleventh Amendment's purpose is to protect the sovereignty of the states by prohibiting the federal courts from exercising subject matter jurisdiction over suits brought against a state by a citizen of that state. See Welch v. Texas Dep't of Highways & Public Transp., 483 U.S. 468, 472, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Thus, a United States District Court has no constitutional authority to preside over a dispute between a state and its citizens.

III. The State's Consent
As intervenor-defendants are quick to point out, no rule goes without exception. A state may waive its immunity and consent to suit in a federal court by providing the appropriate language in a state statute or constitutional provision. See Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). But this exception applies only when certain conditions are met. A state will be found to have waived its immunity "only where stated by the most express language or by such over-whelming implication from the text as [will] leave no room for any other reasonable construction." Id. at 239, 105 S.Ct. 3142 (quoting Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). "A state's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). "Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the state's intention to subject itself to *70 suit in federal court." Atascadero State Hospital, 473 U.S. at 241, 105 S.Ct. 3142. For this reason, the Supreme Court has continually held that a consent to suit in state court is not a waiver of Eleventh Amendment immunity in federal court. See Pennhurst State School & Hospital, 465 U.S. at 99, 104 S.Ct. 900. General and ambiguous consent to suit provisions are insufficient to waive Eleventh Amendment immunity. See Atascadero State Hospital, 473 U.S. at 241, 105 S.Ct. 3142.
Intervenor-defendants maintain that "the State has assigned to the Appellate Division the authority to consent on its behalf to any citizen suit brought to restrain violations of Article XIV [of the New York State Constitution], and the State has consented to be sued whenever  and on the terms that  the Appellate Division consents to such suit." (Intervenor-defs.' Reply Mem. at 5.)
The New York State Constitution provides "[a] violation of any of the provisions of this article may be restrained at the suit of the people or, with the consent of the supreme court in appellate division, on notice to the attorney-general at the suit of any citizen". N.Y. Const. art. 14, § 5 (McKinney 1987 & Supp.1999).
The language of Article 14, § 5 does not expressly authorize the New York Appellate Division to consent to suit in a federal court as the Supreme Court required in Atascadero State Hospital, 473 U.S. at 239, 105 S.Ct. 3142. Absent express language, it is reasonable to assume that the State of New York did not intend to waive its sovereign immunity.
However, Article 14, § 5 expressly authorizes the New York Appellate Division to consent to suit for any violations of the forever wild provisions contained in Article 14. Intervenor-defendants should be afforded the opportunity to present this point in light of the Third Department's order of June 18, 1999 granting intervenor-defendants' motion to assert "first and second claims for relief in their Federal cross claim" for "violations of [the] N.Y. Constitution, article XIV, § 1." (Docket # 75, 3d Dep't June 18, 1999.) These issues are more appropriately addressed by motion to dismiss or summary judgment motion and will not be determined here.
Thus, because the language of Rule 15(a) should be given liberal construction when deciding to grant leave to amend a pleading and because a Rule 15(a) motion is generally not an appropriate occasion to consider the substantive issues of a claim, intervenor-defendants' motion to amend their answer and assert cross-claims against the state is granted.
WHEREFORE, for the reasons stated above, it is
ORDERED that intervenor-defendants' motion to amend their answer and assert cross-claims is granted.
IT IS SO ORDERED.