Ellen M. PECK

v.

**PUBLIC SERVICE MUTUAL
INSURANCE COMPANY**

No. 3:99CV886 (JBA).

United States District Court,
D. Connecticut.

June 10, 2005.

John W. Mills, Law office of John W. Mills LLC, New Haven, CT, Thomas C. Clark, Litchfield Cavo, Avon, CT, for Ellen M. Peck.

Geoffrey Naab, LaBelle, LaBelle, Naab & Horvath, Manchester, CT, Oliver B. Dickins, Jr., Simsbury, CT, for Public Service Mutual Insurance Company.

**Ruling on Motion to Amend Answer [Doc. #171] and Motion to Permit Argument Re: Collusion [Doc. #161]**

ARTERTON, District Judge.

■ Defendant's Motion to Amend Answer to Add 11th Affirmative Defense [Doc. #171], and Motion to Permit Argument Re: Collusion [Doc. #161] is DENIED. Fed. R.Civ.P. 15(a) provides that leave of court to amend the party's pleading "shall be freely given when justice so requires." "In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Here, defendant did not move to amend until June 8, 2005, four business days before trial, which is set to begin on June 14. Both the undue delay for the amendment and the prejudice to plaintiff that flows from such late disclosure compel this Court to deny the requested amendment.

■ Defendant argues that improper collusion has long been a recognized issue in this case, as Judge Goettel characterized the conduct of South Norwalk's counsel in the underlying action as a "sham" or "absolute disaster," and as this Court noted, in its ruling on defendant's renewed motion for summary judgment on remand from the Second Circuit, that the issue of improper collusion was "a matter for trial." *See Peck v. Public Service Mutual Ins. Co.,* 363 F.Supp.2d 137, 152 n. 10 (D.Conn.2005). The fact remains, however, that collusion had never been pled as an affirmative defense as required. *See Black v. Goodwin, Loomis and Britton, Inc.,* 239 Conn. 144, 163, 681 A.2d 293 (1996) (holding that collusion is a form of fraud to be proven by clear and convincing evidence). This Court's previous suggestion that collusion was a triable issue was therefore misguided. The absence of a claimed affirmative defense of collusion was noted and discussed at the first pre-trial conference on May 3, 2005, at which this

Court ruled that such pleading was required and precluded defendant's collusion evidence. Defendant did not at that time move to amend its answer.

Defendant explains its delay by noting that its principal defense has long been that plaintiff's losses were not covered by its policy, and that it believed that it would prevail in its summary judgment motion on this basis. Further, Public Service explains that it did not become aware of the possibility of a collusion defense until it received information on South Norwalk's bankruptcy during discovery suggesting that the representations that South Norwalk's counsel made to the court in the underlying action could not have been accurate. The evolution of the legal and factual record in this case, however, cannot justify defendant's delay to the eve of trial to move for amendment of its answer, long after the close of discovery, particularly when the absence of such pleading was identified during the May 3 pre-trial conference.

The prejudice of adding such an affirmative defense at this late date is clear. Plaintiff cannot at this stage depose South Norwalk's principals or attorney, and plaintiff's counsel states that because no defense had been claimed, he had not previously deposed attorney McCullough on the issue of fraud and the scope of his authority as an attorney for South Norwalk. Plaintiff's counsel also argues that late amendment will deprive him of the opportunity to adequately research the legal sufficiency of defendant's collusion defense.

Accordingly, defendant's motions to amend and to permit argument re: collusion [Docs. # 161, 171] are denied. This ruling does not preclude the defendant from introducing evidence relating to prejudice stemming from late notice that it claims it first received in 1998.

IT IS SO ORDERED.