Slip Op. 08-9

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

SEAFOOD EXPORTERS ASSOCIATION OF INDIA, GOURMET FUSION FOODS INC., and INTERNATIONAL CREATIVE FOODS, INC.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, ROBERT C. BONNER, COMMISSIONER, UNITED STATES CUSTOMS AND BORDER PROTECTION, AND UNITED STATES CUSTOMS AND BORDER PROTECTION,

Defendants.

</td><td>

Before: Timothy C. Stanceu, Judge

Court No. 05-00347

</td></tr>
</table>

## OPINION AND ORDER

[Granting in part, and denying in part, defendants' motion for reconsideration and modifying the March 13, 2007 and June 19, 2007 orders addressing the filing of the administrative record]

Dated: January 18, 2008

Troutman Sanders LLP (*Julie C. Mendoza*, *Donald B. Cameron*, *R. Will Planert*, *Jeffrey S. Grimson* and *Brady W. Mills*) for plaintiffs.

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini*); *Chi S. Choy*, Attorney, Office of the Assistant Chief Counsel for International Trade Litigation, Bureau of Customs and Border Protection, United States Department of Homeland Security, of counsel, for defendants.

Stanceu, Judge: Before the court is defendants' motion for reconsideration pursuant to USCIT Rule 59(a) and (e). In their motion, defendants request that the court reconsider, in part, the court's order of March 13, 2007 (Docket Entry No. 32) (the "Order"). Defendants seek reconsideration of the directive in the Order that defendants include in their filing of the administrative record for this case the public documents associated with a notice issued by defendant United States Customs and Border Protection ("Customs"), *Monetary Guidelines for Setting Bond Amounts for Importations Subject to Enhanced Bonding Requirements*, 71 Fed. Reg. 62,276 (Oct. 24, 2006) (the "Notice"). Defendants argue that the public documents associated with the Notice should not be included in the administrative record because the Notice was issued after plaintiffs, on May 23, 2005, filed their first amended complaint and plaintiffs have not alleged in their amended complaint that the Notice harmed them.

For the reasons discussed herein, the court grants defendants' motion in part and denies it in part. The court amends the Order to allow defendants to refrain from filing, at this time, the public documents associated with the Notice. The court reserves decision on the question of whether those documents will be necessary for the resolution of this case and therefore will be required to be filed at a later date.

## I. BACKGROUND

On March 13, 2007, the court denied defendants' motion to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Seafood Exps. Ass'n of India v. United States*, 31 CIT ___, 479 F. Supp. 2d 1367 (2007). On the same day, the court issued the Order. Order of Mar. 13, 2007 (Docket Entry No. 32). Familiarity with the court's opinion in *Seafood Exporters Association of India* (the "Opinion") is presumed.

The Order required defendants to file the public administrative record for the case and provided defendants with thirty days to complete such filing. *Id*. at 2. The Order stated in relevant part that the public administrative record for the case:

> shall include, but not be limited to, public documents pertaining to the promulgation and application of the Bond Directive and all modifications thereto, including the *Monetary Guidelines for Setting Bond Amounts for Importations Subject to Enhanced Bonding Requirements*, 71 Fed. Reg. 62,276 (Oct. 24, 2006) . . . .

*Id*. In response to the Order, defendants filed, on April 11, 2007, a set of documents that did not include the public documents associated with the Notice. Defendants filed their motion for reconsideration on April 9, 2007, requesting that the court reconsider its requirement for filing of the public documents associated with the Notice because the Notice was not contested by plaintiffs in this case. *See* Mot. for Recons. 1 ("Defs.' Mot. for Recons."). Plaintiffs filed their opposition to defendants' motion for reconsideration on April 26, 2007. Pls.' Opp. to Defs.' Mot. for Recons. of this Ct.'s Mar. 13, 2007 Order.

## II. DISCUSSION

Defendants argue that the records pertaining to the Notice are not part of the record of the decision being challenged, that there is no case or controversy concerning the Notice, and that any claims relating to the Notice would not be ripe for judicial review because plaintiffs have not exhausted their administrative remedies with respect to any determinations of bond sufficiency made pursuant to the Notice. *See* Defs.' Mot. for Recons. 5-10. In opposing defendants' motion, plaintiffs contend that the court took into consideration the scope of the claims contained in their amended complaint when drafting the Order, and as such the court intended defendants to file the public documents associated with the Notice. Pls.' Opp. to Defs.' Mot. for Recons. of this Ct.'s

Mar. 13, 2007 Order ¶ 5.  Plaintiffs point to language in the Opinion in which the court, in discussing the changes to the "procedures and polices underlying the various issuances comprising the Bond Directive," notes that "[t]hese policies appear to have changed after issuance of the Amendment on July 9, 2004, and in particular upon publication of the Notice in October 2006, which occurred after plaintiffs brought this action."  *Id.* ¶ 6 (quoting *Seafood Exps. Ass'n of India*, 31 CIT at ___, 479 F. Supp. 2d at 1377).  Plaintiffs argue that defendants' repeated attempts to delay the filing of the administrative record have hampered plaintiffs' ability to move forward with this litigation.  *Id.* ¶ 1.  In the event that the court grants the reconsideration motion and agrees to exclude documents related to the Notice in the filing of the administrative record, plaintiffs request leave to amend their complaint to incorporate claims related to the Notice.  *Id.* ¶ 7.

Granting a motion for reconsideration under USCIT Rule 59(a) is within the sound discretion of the court.  *Union Camp Corp. v. United States*, 23 CIT 264, 270, 53 F. Supp. 2d 1310, 1317 (1999).  The purpose of such a motion is "to rectify a significant flaw in the conduct of the original proceedings[,]" such as "when a movant demonstrate[s] that the judgment is based on manifest errors of law or fact."  *Id.* (internal citations and quotation marks omitted).  The court concludes that defendants' arguments do not identify a flaw in the conduct of the proceedings satisfying the "manifestly erroneous" standard and that those arguments rest on an overly narrow construction of plaintiffs' claims.

In its opinion denying the motion to dismiss, the court discussed the Notice, which announced changes to the guidelines and formulas by which Customs determines limits of liability on continuous entry bonds issued to importers of certain categories of merchandise

subject to antidumping duty orders.  *Seafood Exps. Ass'n of India*, 31 CIT at ___, 479 F. Supp. 2d at 1374-75.  The process affected by the Notice previously was set forth in amended Bond Directive 99-3510-004 (the "Bond Directive"), which Customs amended on July 9, 2004 and subsequently clarified.  *See Monetary Guidelines for Setting Bond Amounts*, Customs Directive 3510-04 (July 23, 1991), *available at* http://cbp.gov/linkhandler/cgov/ toolbox/legal/ directives/3510-004.ctt/3510-004.txt; *Amendment to Bond Directive 99-3510-004 for Certain Merchandise Subject to Antidumping/Countervailing Duty Cases* (July 9, 2004), *available at* http://www.cbp.gov/xp/cgov/import/cargo_summary/bonds/07082004.xml; *Clarification to July 9, 2004 Amended Monetary Guidelines for Setting Bond Amounts for Special Categories of Merchandise Subject to Antidumping and/or Countervailing Duty Cases* (Aug. 10, 2005), *available at* http://www.cbp.gov/xp/cgov/import/cargo_summary/ bonds/07082004.xml.

Defendants are correct in arguing that the administrative record pertaining to the Bond Directive, as it existed on July 9, 2004, does not contain documents that were created after that date.  However, plaintiffs' amended complaint challenges as unlawful not only the Bond Directive, but also the application of the Bond Directive to the determinations that Customs made to establish their individual bonding requirements.  *See* First Am. Compl. 14, ¶ i.  Because the court was unable to conclude that documents related to the Notice will be unnecessary to the adjudication of plaintiff's claims, the court ordered inclusion of these documents in the administrative record.  The court continues to be unable to so conclude, not only because plaintiffs' claims are broader than a challenge to the Bond Directive *per se*, but also because plaintiffs seek declaratory and also equitable relief, praying for a permanent injunction against the application of the "Bond Directive" to their future imports.  *See id*. at 14, ¶¶ ii-iii.  Plaintiffs,

in their amended complaint, specifically reference "Current Bond Formulas" that Customs posted on its website on January 24, 2005, and into which, according to plaintiffs, "the Bond Directive was incorporated."[1] *Id.* ¶ 12. The exact scope and content of the "Bond Directive," as it possibly could be applied to future imports, appears to be changing over time and is a matter that might be resolved only as the litigation progresses. At this stage of the proceedings, the nature of any relief to which plaintiffs may be entitled, whether as a matter of law or equity, can only be a matter of speculation. For these reasons, the court disagrees with defendants' argument that there is no case or controversy concerning the Notice. The court also disagrees with defendants' argument pertaining to ripeness and exhaustion of administrative remedies. The amended complaint indicates that plaintiffs have been participants in proceedings to determine limits of liability on continuous entry bonds. *See id.* ¶¶ 19-20, 22. The court finds no basis to conclude, at this stage of the litigation, that the documents in question could be related only to a potential future claim of plaintiffs that would be dismissed for lack of ripeness or for failure to exhaust administrative remedies.

Nevertheless, the court also notes that since it issued the Order, defendants have filed confidential records for a number of individual bond determinations, and also notes that the question of whether a specific need for the documents related to the Notice will arise later in the course of this litigation is also a matter of speculation. *See* Docket Entry No. 45 (entered Apr. 30, 2007). Therefore, the court will exercise its discretion to modify the Order such that

---

[1] In addition to the Notice, Customs issued other public documents affecting the subject matter of the Bond Directive. *See Seafood Exps. Ass'n of India*, 31 CIT ___, ___, 479 F. Supp. 2d 1367, 1372-73 (describing issuance of "Current Bond Formulas" on January 24, 2005 and issuance of a "Clarification" to the Bond Directive on August 10, 2005).

defendants will not be burdened with the obligation to file the public documents related to the Notice at this time.  However, the court declines to rule in response to defendants' motion for reconsideration that the public documents associated with the Notice will not in the future be necessary to the adjudication of plaintiff's claims.  The court will consider the need to supplement the administrative record by the filing of these documents if circumstances and the interest of justice so require.

Finally, the court turns to plaintiffs' request to amend their complaint to incorporate claims relating to the Notice, in the event that the court grants the reconsideration motion and agrees to exclude documents related to the Notice in the filing of the administrative record.  Pls.' Opp. to Defs.' Mot. for Recons. of this Ct.'s Mar. 13, 2007 Order ¶ 7.  In considering leave to amend a complaint, the court is to apply the standard set forth in USCIT Rule 15, which provides that "leave shall be freely given when justice so requires."  *See* USCIT R. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (providing that absent dilatory motive, undue cause for delay, repeated failure to cure deficiencies by amendments, futility of amendment, or undue prejudice to the opposing party, leave to amend should be liberally given).  The request in plaintiffs' opposition papers for leave to amend the complaint is insufficient to allow the court to decide the question of whether leave to amend is warranted under the standard of Rule 15.  Plaintiffs have once amended their complaint as of right and an answer has been filed; any further amendment may be granted only by leave of court or by written consent of the adverse party.  USCIT R. 15(a).  Unless plaintiffs obtain such consent, the court will consider whether to grant leave to amend the complaint upon the filing of a motion under USCIT Rule 15(a) for leave to amend and a proposed amended complaint.  Absent a showing of good cause as required by USCIT

Rule 16(b), such a motion should be filed before the final date for amending the pleadings that is specified in a scheduling order entered under USCIT Rule 16(b)(1). *See* USCIT R. 16(b). In amending the Order, the court also is ordering the parties to confer and submit a proposed scheduling order.

### III.  ORDER

Upon consideration of defendants' motion to reconsider, plaintiff's response thereto, and all other submissions and proceedings herein, it is

**ORDERED** that defendants' motion for reconsideration is GRANTED in part and DENIED in part; it is further

**ORDERED** that the court's March 13, 2007 order, Docket Entry No. 32, is hereby modified to provide that defendants need not file, at this stage of the litigation, the public documents associated with *Monetary Guidelines for Setting Bond Amounts for Importations Subject to Enhanced Bonding Requirements*, 71 Fed. Reg. 62,276 (Oct. 24, 2006); it is further

**ORDERED** that the court's June 19, 2007 order, Docket Entry No. 48, is modified to provide that the administrative record for this case is deemed filed, subject to a possible future order supplementing the administrative record with additional materials; and it is further

**ORDERED** that the parties confer and file a proposed scheduling order by February 8, 2008.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: January 18, 2008
New York, New York