**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7874**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DIVINE SHABAZZ, a/k/a Lamar Martin,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry Coke Morgan, Jr., Senior District Judge. (3:00-cr-00344-3; 3:06-cv-00067-HCM; 3:06-cv-00518-HCM)

_____

Submitted: February 7, 2013     Decided: February 12, 2013

_____

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Divine Shabazz, Appellant Pro Se. David Thomas Maguire, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Divine Shabazz appeals from the district court's orders denying his motion to file a relation back amendment to his 28 U.S.C.A. § 2255 (West Supp. 2012) motion and denying his motion for reconsideration of the denial. Shabazz asserts that the district court erred when it dismissed his Fed. R. Civ. P. 15(c) motion to amend the § 2255 motion because he was not entitled to relief under Fed. R. Civ. P. 60(b). We vacate the district court's order denying Shabazz's motion under Rule 15(c) to amend his § 2255 motion. "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (construing Foman v. Davis, 371 U.S. 178, 182 (1962)).

"Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). "For this reason, a district court may not deny such a motion simply because it has entered judgment against the plaintiff — be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Id. "Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before

2

judgment was entered — for prejudice, bad faith, or futility."

Id.

As this court recognized in Laber and reiterated in Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470-71 (4th Cir.), cert. denied, 132 S. Ct. 115 (2011), the only difference between a pre- and a post-judgment motion to amend is that the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or 60(b). See Katyle, 637 F.3d at 470; Laber, 438 F.3d at 427. "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards." Katyle, 637 F.3d at 471. Rather, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." Id.; see also Laber, 438 F.3d at 426-29 (analyzing whether the district court erred in denying a post-judgment motion to amend under the more liberal motion to amend standard, rather than the more stringent Rule 59(e) standard, and concluding that the district court erred in denying the Rule 59(e) motion because the plaintiff did not act in bad faith, the amendment was not futile, and the defendant would not be prejudiced). We review for abuse of discretion a district court's denial of a motion to amend a complaint, regardless of whether that motion is filed pre- or post-judgment. Laber, 438 F.3d at 427-28.

The only reason the district court gave for denying Shabazz's motion to amend was that the court could not grant relief on the motion because Shabazz could not establish that he was entitled to have the district court's final judgment vacated under Rule 60(b). The district court did not consider whether Shabazz's amended complaint would be prejudicial, futile, or was made in bad faith. See Johnson, 785 F.2d at 509. We conclude that the district court's failure to properly analyze Shabazz's motion to amend was an abuse of discretion. See Murrow Furniture Galleries, Inc. v. Thomasville Furniture Indus., Inc., 889 F.2d 524, 526 n.3, 529-30 (4th Cir. 1989) (recognizing that district court's denial of Rule 59(e) motion effectively denied the Rule 15(a) motion, but ultimately vacating district court's denial of the Rule 15(a) motion because the district court failed to give a reason for the denial using the standards for granting a Rule 15(a) motion). Accordingly, there are sufficient grounds to vacate the district court's orders denying Shabazz's motion to amend his complaint under Rule 15(c) and denying his motion to reconsider the denial. See Laber, 438 F.3d at 428; see also Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009) ("A conclusion that the district court abused its discretion in denying a motion to amend . . . is sufficient grounds on which

to reverse the district court's denial of a Rule 59(e) motion." (internal quotation marks omitted)).

Thus, we vacate the district court's orders denying Shabazz's Rule 15(c) motion and motion to reconsider the denial. We remand this matter to the district court so it may determine, in the first instance, whether Shabazz is entitled to amend his complaint under Rule 15(c). We express no opinion on whether Shabazz is entitled to amend his § 2255 motion under Rule 15(c). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5