

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK ADAMS,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>METROPOLITAN EDUCATION<br>DISTRICT FOUNDATION, a California<br>Corporation; ALYSSA LYNCH;<br>METROPOLITAN EDUCATION<br>DISTRICT; SHARON BROWN;<br>MARIANNE CARTAN,<br><br>       Defendants-Appellees. | No.   19-15678<br><br>DC No. 5:17 cv-5083-BLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted September 3, 2020[**]
Seattle, Washington

Before: TASHIMA, BYBEE, and COLLINS, Circuit Judges.
Dissent by Judge TASHIMA

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Plaintiff Mark Adams appeals from the judgment entered in favor of Defendants, Metropolitan Education District Foundation and various others, after the district court denied his motion for leave to amend and terminated the case. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that the district court did not abuse its discretion and therefore affirm. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 760 (9th Cir. 2017) ("Denial of a motion to amend pleadings is reviewed for an abuse of discretion.").

Plaintiff's original complaint was filed in July 2017, and his first amended complaint (FAC) in December 2017. He alleged one cause of action under the Labor Management Relations Act (LMRA) and related state law claims. The district court's scheduling order provided that the last day to amend pleadings was May 14, 2018. Although Plaintiff had affirmatively stated in March that he intended to amend his complaint, Plaintiff did not file a motion to amend or a proposed second amended complaint (SAC) within the deadline.

On July 14, 2018, Defendants filed a motion to dismiss the FAC. Plaintiff again asserted that he was going to file a proposed SAC, but he did not do so.

On January 16, 2019, the district court granted Defendants' motion to dismiss with prejudice Plaintiff's LMRA claim and dismissed the related state law claims without prejudice to Plaintiff bringing them in state court. The district court

noted that, although Plaintiff claimed that he should have an opportunity to amend the complaint, he had "not moved to amend his complaint" and that the court "cannot grant a request not properly before it." Moreover, the court explained that "Plaintiff has not demonstrated that good cause exists to allow amendment after th[e] [May 2018] deadline, as is required by Federal Rule of Civil Procedure 16(b)(4)" when a party seeks leave to amend after the deadline in the scheduling order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In particular, the court observed that Plaintiff had not explained why he did not file a proposed SAC by the original deadline, much less why he did not do so in connection with his opposition to the motion to dismiss or before the court "spent time resolving th[at] motion." Nonetheless, the court decided to allow Plaintiff fourteen days to file a "motion for leave" to amend with a proposed SAC, requiring the motion to be filed on or before January 30, 2019.

Plaintiff filed his motion for leave to amend and his proposed SAC on January 30, 2019. The district court denied the motion. The court stated that Plaintiff failed to offer any justification for the delay, adding that the "order granting him 14 days to file a motion for leave to amend was a courtesy to allow him to demonstrate *good cause* under Rule 16 why the Court should amend the

scheduling order.  He does not even attempt to satisfy this requirement."  The court thus found that Plaintiff was not diligent in seeking leave to amend and had not demonstrated why he could not have brought the claims earlier, concluding that "it appears Plaintiff was simply careless."  The district court entered judgment in favor of Defendants.  Plaintiff timely appealed.

As shown by our recitation of the background of this case, the district court bent over backwards to accommodate Plaintiff's lengthy delay in moving to amend and filing his proposed SAC.  In its January 2019 order, the district court gave Plaintiff one more chance, allowing him to file a motion for leave to amend.  Plaintiff contends (and the dissent agrees) that this allowance effectively extended the deadline in the scheduling order and eliminated the need to show good cause for failing to comply with that schedule.  We disagree.  The district court allowed Plaintiff to file a formal motion for leave to amend only after specifically chastising him for his failure to have filed such a motion and his concomitant failure to show good cause as required under Rule 16(b)(4).  The order thus simply allowed him to make the showing of good cause that he had so far failed to make.

As the court later concluded, however, Plaintiff's subsequent motion did not even attempt to establish good cause to amend the scheduling order, as required by Rule 16.  *See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d

4

978, 989 (9th Cir. 2017) (when "a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under [Rule] 16's 'good cause' standard rather than the 'liberal amendment policy' of [Rule] 15(a)"). The district court did not abuse its discretion in denying Plaintiff's motion for leave to amend.

The judgment is **AFFIRMED.**

*Adams v. Metro. Educ. Dist. Found.*, No. 19-15678

TASHIMA, Circuit Judge, dissenting:

Whether Plaintiff engaged in inordinate delay in moving to amend is not the issue. The district court granted Plaintiff an additional two weeks to file his motion for leave to amend. That order effectively amended the deadline in the scheduling order or, at the least, was reasonably construed as a waiver.

The court's January 16, 2019, order stated that, despite the fact that Plaintiff had not demonstrated good cause pursuant to Federal Rule of Civil Procedure 16(b)(4), the court decided to give Plaintiff fourteen more days to move for leave to amend. That order contained no requirement that Plaintiff address good cause when he filed his motion to amend. Instead, the court specifically found that he had not shown good cause and yet, "given that Plaintiff raised the desire to amend in his opposition in August 2018," the court decided to "delay issuing judgment and dismissing this action in its entirety" in order to allow Plaintiff to file his motion to amend. Thus, the court explicitly gave Plaintiff permission to file his motion by January 30, 2019, even though Plaintiff had failed to demonstrate good cause under Rule 16(b)(4). The most reasonable construction of this order is as an amendment or waiver of the deadline in the scheduling order, without the concomitant requirement to show good cause. I would therefore conclude that the district court abused its discretion in denying Plaintiff's motion and failing to

grant leave to amend.

Moreover, we have held that "[u]ndue delay by itself is insufficient to justify denying leave to amend . . . ." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Yet, in concluding that no good cause was shown, the district court completely failed to consider the *Foman* factors. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (in deciding whether to grant leave to amend, district court should consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment").

I therefore respectfully dissent.