Oscar PENA, Plaintiff–Appellant,

v.

James RECORE, Director C.O.T.R.P.; Brion D. Travis, Chairman; John P. Passmore, Sr., Supt.; J. Smith, Parole Officer; Vanessa Clarke, Parole Commissioner; Dennis C. Vacco, Attorney General of the State of New York, Defendants–Appellees.

Docket No. 00–0269.

United States Court of Appeals, Second Circuit.

June 19, 2001.

Oscar Pena, Malone, NY, pro se.

Marion R. Buchbinder, Ass't Sol. Gen., Albany, NY, for appellees.

Present Van GRAAFEILAND, KEARSE, Circuit Judges, and RAKOFF, District Judge.*

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District

---

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Court for the Eastern District of New York, and was submitted by plaintiff *pro se* and by counsel for defendants.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed as modified.

Plaintiff Oscar Pena, a New York State prisoner and former parolee, appeals from a judgment of the United States District Court for the Eastern District of New York, Frederic Block, *Judge,* granting summary judgment dismissing his claims under 42 U.S.C. § 1983 of, principally, (a) retaliation for complaints of denial of Pena's access to the courts, and (b) violation of his rights to equal protection and due process in the parole process. For the reasons that follow, we affirm the dismissal on grounds other than those relied on by the district court, and we direct that the judgment be modified to provide that the dismissal is without prejudice to Pena's filing an amended complaint stating a claim for retaliation.

 Although we conclude that summary judgment was inappropriate because the record does not indicate that Pena received proper notice, either from the court or from defendants, of the consequences of failing to respond properly to a summary judgment motion, *see, e.g., Vital v. Interfaith Medical Center,* 168 F.3d 615 (2d Cir.1999), this Court may affirm the district court's judgment on any basis that finds support in the record, *see, e.g., Citrus Marketing Board of Israel v. J. Lauritzen A/S,* 943 F.2d 220, 223 (2d Cir.1991). In the present case, the complaint fails to state a claim on which relief can be granted, *see* Fed.R.Civ.P. 12(b)(6), and we affirm the dismissal on that basis.

 We note, however, that where a complaint is dismissed for failure to state a claim on which relief can be granted, permission to file an amended complaint is normally granted, *see generally* Fed.R.Civ.P. 15(a) ("leave [to amend] shall be freely given when justice so requires"), unless an amendment would be futile, *see, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the present case, most of Pena's claims may be pursued only through a petition for a writ of habeas corpus, and as to those claims amendment would be futile. Amendment with respect to certain other claims would also be futile, for the facts alleged could not support a finding of liability. Pena's claim for retaliation, however, could properly be pursued through a civil action, and it is unclear that he could not state a retaliation claim on which relief could be granted. We conclude that the dismissal should be without prejudice to the filing of an amended complaint, within such time as the district court may direct, that alleges, if Pena can do so in good faith, the elements of a retaliation claim and the personal involvement of the individual defendants against whom he asserts that claim. If Pena files an amended complaint, nothing in this order forecloses the possibility of dismissal of that claim either for failure to state a claim or, following proper notice to Pena, by summary judgment.

Accordingly, although we affirm the dismissal of the complaint on the ground that it failed to state a claim on which relief can be granted, we direct that the judgment be modified to state that the dismissal is without prejudice to the filing of an amended complaint asserting Pena's claim of retaliation. As modified, the judgment is affirmed.

No costs.