In re **AXISTEL COMMUNICATIONS, INC., Novo Networks Global Services, Inc., Novo Networks International Services, Inc., e.Volve Technology Group, Inc., Novo Networks Operating Corp. Novo Networks Metro Services, Inc., Debtors.**

**Novo Liquidating Trust, Plaintiff,**

v.

**Forval, Defendant.**

Bankruptcy No. 01–10005(JBR).
Adversary No. 03–53996(PBL).

United States Bankruptcy Court,
D. Delaware.

July 26, 2004.

Jeffrey M. Schlerf, Gary F. Seitz, The Bayard Firm, Wilmington, DE, for Plaintiff.

Jeffrey R. Waxman, Cozen O'Connor, Chase Manhattan Centre, Wilmington, DE, Michael McLaughlin, Wasserman, Jurista & Stolz, P.C., Millburn, NJ, for Defendant.

## MEMORANDUM OPINION & ORDER

PAUL B. LINDSEY, Bankruptcy Judge.

### BACKGROUND

Plaintiff, successor to various rights and duties of Debtors under their confirmed Chapter 11 Plan,[1] brought this adversary proceeding by filing its complaint on June 27, 2003, seeking to avoid and recover certain transfers of property and prepeti-

---

1. AxisTel Communication, Inc., Novo Networks Global Services, Inc., Novo Networks International Services, Inc., e.Volve Technology Group, Inc., and Novo Networks Operating Corp. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on July 30, 2001. Novo Networks Metro Services, Inc. filed a voluntary petition for relief on September 14, 2001. The cases were jointly administered and a joint Chapter 11 Plan was confirmed on March 14, 2002, to be effective on April 3, 2002.

tion setoffs pursuant to 11 U.S.C. §§ 547, 553 and 550.[2] Defendant filed its answer, essentially denying the allegations of the complaint and asserting certain affirmative defenses. After court-ordered mediation was unsuccessful, a pre-trial conference was held and a scheduling order was entered to govern further pre-trial proceedings.

On April 22, 2004, Plaintiff filed its motion for leave to amend its complaint. On May 12, 2004, Defendant filed its response, objecting to the relief sought by Plaintiff.

A hearing was held before this Court on July 15, 2004, at the conclusion of which the Court took the contested matter of Plaintiff's motion and Defendant's response under advisement.

## THE ISSUES

In its original complaint Plaintiffs sought: (i) to avoid an alleged preferential transfer in the amount of $24,714.15; (ii) to avoid four (4) allegedly preferential setoffs in the total amount of $477,286.63; and (iii) to recover the amount of the avoided transfer and setoffs, a total of $502,000.78.

In its proposed amended complaint, Plaintiff retains the original allegations with regard to the transfer, setoffs and the recovery thereof. Plaintiff seeks to add to the complaint two additional counts seeking alternative relief. First, Plaintiff seeks the turnover of amounts due and owing under outstanding pre-petition invoices issued by Debtors to Defendant in the total amount of $137,375.96. In a separate count, Plaintiff alleges that, pursuant to a post-petition letter agreement pur-

porting to resolve pre-petition business transactions between the parties that was not approved by the Bankruptcy Court, a transfer of property of the bankruptcy estate was effected in the amount of "around $128,000." [3] It is asserted that such transfer was in violation of the automatic stay provisions of § 362, that the transfer was void, and that Plaintiff is entitled to avoid and recover the value of such transfer pursuant to §§ 362 and 549. Finally, Plaintiff seeks to amend the complaint by seeking judgment against Defendant in the amount of "$628,000 as near as can presently be determined," with pre-judgment interest and costs.

## DISCUSSION AND DECISION

■■■■ Plaintiff seeks to amend its complaint under the authority of Rule 15, Fed. R.Civ.P., made applicable to this adversary proceeding by Rule 7015, Fed. R. Bankr.P. Under Rule 15, leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

Plaintiff asserts that there is a general presumption in favor of allowing amendment, citing *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir.1984). It is also urged that the standard to be applied in ruling on a Rule 15(a) motion to amend has been set out by the Supreme Court and routinely applied in the Third Circuit and in this court, as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously al-

---

**2.** References to statutory provisions by section number alone, unless otherwise specified, will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

**3.** The agreement in question, attached to the amended complaint, was entered into on February 25, 2002. In it, $128,091.69 of Defen-

dant's pre-petition invoices and other disputed items were netted against $137,375.96 of outstanding pre-petition invoices issued by Debtors to Defendant, resulting in the apparent payment by Defendant to Debtors of the balance, $9,284.27.

lowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought, should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing,* 663 F.2d 419, 425 (3d Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); *Procter & Gamble Co. v. Nabisco Brands, Inc.,* 125 F.R.D. 405, 408 (D.Del.1987).

Plaintiff contends that none of the bases for denial of a motion to amend is present here and that leave to amend should be granted in order to "allow all claims against [Defendant] to be heard on the merits."(Plaintiff's Motion for Leave to Amend the Complaint, ¶ 21)

Defendant objects to Plaintiff's motion, primarily asserting undue delay. Defendant recites numerous attempts to obtain documentation from Plaintiff concerning the offsets described in the complaint and notes that a copy of the February 25, 2002 letter agreement referred to above was provided to Plaintiff in a letter dated October 1, 2003. Defendant contends that the filing of the motion for leave to amend more than ten months after the filing of the complaint, six months after the February 25, 2002 letter agreement was first provided to Plaintiff, two months after the unsuccessful conclusion of mediation, and after the commencement of discovery, constituted undue delay. Alternatively, Defendant asserts that amendment of the complaint to avoid transfers pursuant to § 549 should not be allowed because such

an amendment would be futile as the statute of limitations for filing an action under § 549 has expired.[4]

Plaintiff requests that the amendment to the complaint relate back to the date of the original filing of the complaint,[5] effectively avoiding the application of the § 549(d) statute of limitations. Plaintiff contends that Rule 15(c)(2) is applicable. It is clear, however, that the outstanding, unpaid prepetition invoices of Debtors to Defendant and the February 25, 2002 letter agreement were entirely separate from the single specific transfer and the four specified setoff transactions described in the original complaint. Thus, relation back under Rule 15(c)(2) is not appropriate.

At the hearing on the motion, Plaintiff contended, and Defendant appeared to concede, that as to Plaintiff's proposed § 362 claim, no statute of limitations is applicable, and that Plaintiff therefore could simply file a separate adversary proceeding to assert that claim if it is not permitted to amend its complaint herein.

It is this Court's view that the delay in this case in seeking leave to amend has not been "undue" and that no bad faith or dilatory motive on the part of Plaintiff has been established. Furthermore, the Defendant has not established that it will be unduly prejudiced by the allowance of the amendment. In fact, the only prejudice asserted by Defendant was the possible need for additional discovery. However, discovery is not complete in this case, so any additional discovery should not be bur-

---

4. Section 549(d) provides that an action to avoid a transfer under that section may not be commenced after the earlier of two years after the date of the transfer sought to be avoided, or the time the case is closed or dismissed.

5. An amendment of a pleading relates back to the date of the original pleading when, *inter alia,* the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed.R.Civ.P. 15(c)(2).

densome and it does not appear likely that significant additional discovery will be necessary. In these circumstances, this Court is governed by the teaching of Rule 15(a), that "leave shall be freely given when justice so requires."

However, this Court agrees with Defendant's contention that amendments should not be permitted to assert a § 549 post petition claim. Any such amendment would be futile, since the filing of the post petition claim under § 549 was barred by § 549(d) after February 25, 2004, two years after the date of the transfer sought to be avoided. The Court has previously noted that the new claims contained in the amended complaint did not arise out of the conduct, transaction or occurrence set forth in the original pleading, and that therefore the amendment of the complaint should not relate back to the date of the filing of the original complaint. Thus, any § 549 claim asserted in the amended complaint would be vulnerable to a motion to dismiss and the amendment would be futile.

IT IS THEREFORE ORDERED that the Motion of Plaintiff Novo Liquidating Trust for Leave to Amend the Complaint be, and the same is hereby granted, provided, however, that the amendment of the complaint shall not assert any claim pursuant to 11 U.S.C. § 549.