

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Mash v. Twp Haverford Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mash v. Twp Haverford Dept" (2008). *2008 Decisions.* Paper 298.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/298

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.07-3642
_____


RONALD MASH,
trading as
EAGLE MASONRY


v.

TOWNSHIP OF HAVERFORD DEPARTMENT OF CODES ENFORCEMENT; LORI
HANLON, Widdop Department of Codes Enforcement of Haverford Township;
DAVID COOPER, Code Enforcement Officer, Haverford Township;
STEPHEN D'EMILLO, President of the Haverford Township Commissioners;
ROBERT E. TRUNBULL, 3rd Ward Commissioner; FRED C. MORAN,
4th Ward Commissioner; JOHN CAPUZZI, 5th Ward Commissioner;
LARRY HOLMES, 6th Ward Commissioner; JAMES E. MCGARRITY, 7th Ward
Commissioner; TOM BROIDO, 8th Ward Commissioner; CAROL A. MCDONALD,
9th Ward Commissioner


Ronald Mash,

Appellant


_____


Appeal from the United States District Court
for the Eastern District of Pennsylvania
No.06-cv-04479
( The Honorable L. Felipe Restrepo)


_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2008


Before: McKEE, SMITH and WEIS, *Circuit Judge*s




(Filed: October 30, 2008 )



**OPINION OF THE COURT**

McKEE, <u>Circuit Judge</u>

Ronald Mash appeals the district court's grant of summary judgment in favor of the defendants and the court's denial of his motion for partial summary judgment that was based on the contention that he is entitled to attorneys fees because he is the "prevailing party." For the reasons that follow, we will affirm.

**I.**

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as may be helpful to our brief discussion.

In order to establish a claim under § 1988, Mash must prove a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under the color of state law." *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir. 1996). Mash argues that he is the prevailing party in his civil rights suit because the Township's Board of Commissioners refused to schedule a hearing on the appeal of his permit denial until he filed this civil rights action. Mash's argument is based on the "catalyst" theory, whereby a plaintiff is entitled to

attorney's fees if his/her suit was a "catalyst for the vindication of his constitutional rights." *Staten v. Housing Auth.*, 638 F.2d 599, 605 (3d Cir. 1980). However, in *Buckhannon v. West Virginia*, 532 U.S. 598 (2001), the Supreme Court held that a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change[,]" to support a claim that a plaintiff is a prevailing party. *Buckhannon*, 532 U.S. at 605. The Court thus rejected the "catalyst" theory that Mash's claim rests upon. *Id.*[1] Under the *Buckhannon* rule, Mash can not establish that he is a prevailing party. Therefore, this record does not support his claim that he is entitled to attorney's fees.

Mash additionally argues that the district court's grant of summary judgment to the defendants was based on "facts not of record," because the court erroneously thought that he was asserting improper retaliation for his earlier suit against some of the defendants. Mash asserts that the First Amended Complaint that was before the court did not allege retaliation for his 2002 suit that he brought under Pennsylvania's "Right to Know" law. Rather, argues Mash, that claim was in a subsequent Amended Complaint that he was never allowed to file.

Although the district court denied Mash's requests for a second and third Amended Complaint specifically alleging improper retaliation, his attack on the district court's denial of his motion for partial summary judgment ignores the fact that he raised the issue of retaliation for his

---

[1] Pursuant to the OPEN Government Act, 5 U.S.C. § 552(A)(4)(E)(ii) (2008), it is no longer necessary to show that the material alteration of the parties' position has the '*judicial imprimatur*.' Even though the wording of the statute has been changed by amendment, we need not consider the impact here, because the change was enacted after Mash filed this appeal and Mash does not argue it should be applied in his complaint.

prior "Right to Know" lawsuit in oral argument as the basis for the defendant's alleged retaliatory acts against him. *See* Supp. App. at 5, 11-12, 22

Moreover, assuming *arguendo* that Mash only raised the 2002 retaliation facts in the complaints that he was not allowed to file, the district court did not err because it would have been futile to allow the proffered amended complaints. A court does not err in refusing to allow an amendment to a complaint, where the amendment does not cure the problem with the initial complaint. *See Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413-14 (3d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that under F.R.C.P. 15(a), in the absence of undue prejudice to nonmoving party, denial of amendment must be based on bad faith, dilatory motives, truly undue delay, *failure to cure deficiency or futility of amendment*) (*emphasis added*)).

The district court correctly reasoned that even assuming that Mash's assertions were true, the record did not allow a reasonable fact finder to conclude that the defendants were liable because Mash's many allegations were not supported by the record. Accordingly, the district court was correct in granting summary judgment to the defendants, and in denying Mash's motion for partial summary judgment.

## II.

For all of the above reasons, we will affirm the district court's denial of Mash's Partial Motion for Summary Judgment and affirm the grant of summary judgment to the defendants.

4