**ROCHESTER GAS AND ELECTRIC CORP., and R.E. Ginna Nuclear Power Plant, LLC, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 04–118C.

United States Court of Federal Claims.

July 29, 2011.

Brad Fagg, Morgan, Lewis & Bockius LLP, Washington, DC, for plaintiff R.E. Ginna Nuclear Power Plant, LLC.

Joseph D. Keller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Commercial Litigation Branch, Alan J. Lo Re, Assistant Director, Commercial Litigation Branch, for defendant.

## OPINION

MARGOLIS, Senior Judge.

This matter comes before the Court on the defendant United States' Motion for Leave to File Amended Answer and Affirmative Defense, filed March 23, 2011. A hearing was held in Court on June 15, 2011. Defendant's motion is granted in part and denied in part. Defendant is barred from asserting the unavoidable delays clause in the Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste (the "standard contract"), 10 C.F.R. § 961.11, as a defense to liability; defendant is not, however, barred from asserting the clause in opposition to a demand for particular relief, such as expectancy damages.

## I. BACKGROUND

Under the Nuclear Waste Policy Act of 1982 ("NWPA"), 42 U.S.C. § 10101, et seq., the United States Department of Energy ("DOE") is "authorized to enter into contracts with any person who generates or holds title to high-level radioactive waste, or spent nuclear fuel ("SNF"), ... for the acceptance of title, subsequent transportation, and disposal of such waste or spent fuel." 42 U.S.C. § 10222(a)(1). The NWPA specifies that each contract must provide that, "in return for the payment of fees ..., the [DOE], beginning not later than January 31, 1998, will dispose of the high-level radioactive waste or [SNF] involved as provided in this subchapter." Id. § 10222(a)(5)(B).

Pursuant to the NWPA's directive, the DOE drafted a standard contract for disposal of SNF, set forth at 10 C.F.R. § 961.11. In addition to requiring that the DOE dispose of SNF by the January 31, 1998 deadline, the standard contract includes an "unavoidable delays" clause, which states as follows:

Neither the Government nor the Purchaser shall be liable under this contract for damages caused by failure to perform its obligations hereunder, if such failure arises out of causes beyond the control and without the fault or negligence of the party failing to perform. In the event circumstances beyond the reasonable control of the Purchaser or DOE—such as acts of God, or of the public enemy, acts of Government in either its sovereign or contractual capacity, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes and unusually severe weath-

er—cause delay in scheduled delivery, acceptance or transport of SNF and/or HLW [high-level radioactive waste], the party experiencing .the delay will notify the other party as soon as possible after such delay is ascertained and the parties will readjust their schedules, as appropriate, to accommodate such delay.

10 C.F.R. § 961.11 Art.IX.A.

Plaintiff Rochester Gas and Electric Corp. executed the standard contract on June 30, 1983, in connection with its operation of a nuclear power plant in Ontario, New York.[1] The DOE failed, however, to perform its obligation to start disposing of plaintiffs' SNF by the January 31, 1998 deadline. Plaintiffs responded by filing the present lawsuit, which includes a claim for breach of the standard contract.

Defendant now seeks leave to amend its pleadings to include the unavoidable delays clause as an affirmative defense. Defendant's proposed amendment states that "[t]he 'unavoidable delays' clause of the standard contract affects or eliminates the Government's liability for and plaintiff's ability to recover damages for DOE's delay." (Def.'s Proposed Amended Answer, Affirmative Defenses, and Counterclaims ¶ 51.)

## II. STANDARD TO AMEND PLEADINGS

RCFC 15 provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." RCFC 15(a)(2). "The decision to grant or deny amendment of a complaint or answer is within the discretion of the trial court, but '[i]f the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim [or defense] on the merits.'" *Wolfchild v. United States*, 96 Fed.Cl. 302, 324 (2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Nonetheless, "[f]utility of the proposed amendment is an adequate reason to deny leave to amend." *Cultor Corp. v. A.E. Staley Manufacturing Co.*, 224 F.3d 1328, 1333 (Fed.Cir.2000). "An amendment to add an affirmative defense is futile when 'the proposed affirmative defense is not a defense to

liability,' that is, 'when the proposed affirmative defense lacks a sound basis in law....'" *In re Currency Conversion Fee Antitrust Litigation*, 264 F.R.D. 100, 118 (S.D.N.Y. 2010) (quoting *Greenes v. Vijax Fuel Corp.*, 326 F.Supp.2d 464, 466, 468 (S.D.N.Y.2004)); *see also Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed.Cir.2006) (setting forth general futility standard).

## III. ANALYSIS

### A. The Unavoidable Delays Clause—*Nebraska Public Power District* and *Southern Nuclear Operating Co.*

Plaintiffs argue that the proposed amendment is barred by controlling precedent, namely the *en banc* decision in *Nebraska Public Power District v. United States*, 590 F.3d 1357 (Fed.Cir.2010). Defendant argues that in *Southern Nuclear Operating Co. v. United States*, 637 F.3d 1297 (Fed.Cir.2011), the Federal Circuit unequivocally confirmed the Government's right to assert the unavoidable delays defense before the United States Court of Federal Claims.

The Federal Circuit and the D.C. Circuit spoke to the issue in *Northern States Power Co. v. United States Dept. of Energy* ("*Northern States Power I*"), 128 F.3d 754, 756–60 (D.C.Cir.1997), *Nebraska Public Power District v. United States*, 590 F.3d at 1372–76, and *Southern Nuclear Operating Co. v. United States*, 637 F.3d at 1305–06. Taken together, these cases stand for the proposition that the Government is precluded from asserting the unavoidable delays clause as a defense to liability. The Government may, however, assert the clause as a defense to a demand by plaintiffs for a particular remedy, such as expectancy damages.

In *Northern States Power I*, the D.C. Circuit issued a writ of mandamus "precluding DOE from advancing any construction of the Standard Contract that would excuse its delinquency on the ground that it has not yet established a permanent repository or an interim storage program." 128 F.3d at 756.

---

1. The other plaintiff in this case, R.E. Ginna Nuclear Power Plant, LLC, is Rochester's successor-in-interest, having acquired Rochester Gas & Electric's nuclear power plant on June 10, 2004.

The D.C. Circuit stated that, "the NWPA imposes an unconditional duty on DOE to take the [SNF] by 1998"; allowing the DOE to assert the unavoidable delays clause as a defense to liability "would allow the Executive Branch to void an unequivocal obligation imposed by Congress." *Id.* at 760 (citing *Indiana Michigan Power Co. v. Dept. of Energy*, 88 F.3d 1272, 1276–77 (Fed.Cir. 1996)).[2]

In *Nebraska Public Power District*, the Federal Circuit confirmed that the *Northern States Power I* decision was entitled to "res judicata effect" in the United States Court of Federal Claims. 590 F.3d at 1376. The Federal Circuit explained that "it was necessary [for the D.C. Circuit] to bar DOE from doing under the rubric of contract interpretation what [the NWPA] prohibited as a matter of statutory compulsion"; the *Northern States Power I* decision "did not," however, "address any issues of contract breach, direct implementation of any remedy, or construe any contract defense, except to the extent that the proposed interpretation of the contract would conflict with the statutory directive in [the NWPA]." *Id.* at 1372, 1376.[3]

In *Southern Nuclear Operating Co.*, the Federal Circuit reiterated its holding in *Nebraska Public Power* that the *Northern States Power I* decision "did not foreclose the government from making arguments in the Claims Court" based on the unavoidable delays clause. 637 F.3d at 1305. The Federal

Circuit clarified that although the *Northern States Power I* decision was "entitled to res judicata effect on the issue of liability," it "did not 'direct the implementation of any remedy'"; thus, defendant was free to invoke the unavoidable delays clause as a defense to the imposition of a damages award. *Id.* at 1306 (quoting *Nebraska Public Power Dist.*, 590 F.3d at 1376).[4]

Consistent with *Northern States Power I*, *Nebraska Public Power District*, and *Southern Nuclear Operating Co.*, defendant is precluded from asserting the unavoidable delays clause as a defense to liability for breach of the standard contract.[5] Defendant may, however, assert the unavoidable delays clause in opposition to a demand for damages.

## B. Avoidable Delays Clause—*Maine Yankee Atomic Power Co.* and *Northern States Power II*

Plaintiffs argue that the Government's unavoidable delays defense is barred by *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336, 1340–42 (Fed.Cir.2000), and *Northern States Power Co. v. United States* ("*Northern States Power II*"), 224 F.3d 1361, 1366–67 (Fed.Cir.2000). Defendant argues that *Maine Yankee* and *Northern States Power II* do not bar the Government from arguing the unavoidable delays defense in this Court.

---

2. *See also Northern States Power Co. v. United States Dept. of Energy*, No. 97–1064, 1998 WL 276581, at *2 (D.C.Cir. May 5, 1998) (denying motion for rehearing because "[t]he Tucker Act does not prevent us from exercising jurisdiction over an action to enforce compliance with the NWPA," as "[t]he statutory duty to include an unconditional obligation in the contract is independent of any rights under the contract").

3. *See also Wisconsin Electric Power Co. v. United States Dept. of Energy*, 211 F.3d 646, 648 (D.C.Cir.2000) (holding that D.C. Circuit has no jurisdiction to determine remedies under standard contract); *PSEG Nuclear, L.L.C. v. United States*, 465 F.3d 1343, 1348 (Fed.Cir.2006) (holding that Court of Claims has jurisdiction over actions for breach of standard contract).

4. In *Southern Nuclear*, the Federal Circuit specifically declined to reach "the question ... [of] whether the 'unavoidable delays' clause could

provide a defense to expectancy damages." *Southern Nuclear Operating Co.*, 637 F.3d at 1306 (citing *Nebraska Public Power Dist.*, 590 F.3d at 1377 (Dyk, J., concurring, with whom Linn, J. joins) (noting that although the majority opinion "establishes government liability, it remains open for the government to argue that the Unavoidable Delays clause bars a damages award (as opposed to some other contractual remedy such as restitution).")). This Court likewise declines to rule on the substantive viability of defendant's unavoidable delays defense.

5. *But see Entergy Nuclear Fitzpatrick, LLC v. United States*, 93 Fed.Cl. 739, 744–46 (2010) (granting motion to strike unavoidable delays defense in SNF case) (Damich, J.); *Dairyland Power Cooperative v. United States*, No. 04–106C, 2008 WL 5122339, at *4–5 (Fed.Cl. June 20, 2008) (Damich, J.) (granting motion in limine to exclude evidence relating to unavoidable delays defense in SNF case).

*Maine Yankee* and *Northern States Power II* do not address the unavoidable delays clause; rather, they address the avoidable delays clause, which covers only "the kind of delays that routinely may arise during the performance of the contract," *Maine Yankee Atomic Co.,* 225 F.3d at 1341, *see also Northern States Power II,* 224 F.3d at 1366–67, such as "delay[s] in the delivery, acceptance or transport of SNF ... caused by circumstances within the reasonable control of either the Purchaser or DOE," 10 C.F.R. § 961.11 Art.IX.B. The unavoidable delays clause, by contrast, covers delays that will not typically arise during the performance of the contract, such as "acts of God, or of the public enemy, acts of Government in either its sovereign or contractual capacity, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes and unusually severe weather." 10 C.F.R. § 961.11 Art.IX.A. *Maine Yankee* and *Northern States Power II* therefore present no obstacle to defendant's invocation of the unavoidable delays clause as a defense to plaintiff's request for damages.

## IV. CONCLUSION

For the reasons set forth above, defendant's Motion for Leave to File Amended Answer and Affirmative Defense is granted in part and denied in part. Defendant is hereby ordered to file a revised amended answer and affirmative defenses within 15 days of the entry of this order.