**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DENNIS HELLERVIK and THO HELLERVIK, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> 3M COMPANY; et al., <br><br> Defendants - Appellees. | No. 12-56373 <br><br> D.C. No. 2:12-cv-00522-RGK-FMO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 6, 2014
Pasadena, California

Before: FISHER and MURGUIA, Circuit Judges, and BATTAGLIA, District Judge.[**]

Dennis and Tho Hellervik appeal from the district court's dismissal of their

complaint for asbestos-related injuries and from its denial of leave to amend their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

complaint. Reviewing for abuse of discretion, *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012), we reverse the district court's denial of leave to amend. We need not decide whether the complaint was properly dismissed.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

Here, the only reason the district court gave for denying leave to amend was that the Hellerviks "have already had two chances to state sufficient factual allegations to support their claims." This is no reason not to permit amendment of a complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" as the sort of factors that may justify denying leave to amend a complaint); *Henry A.*, 678 F.3d at 1005 ("'[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

2

Because the district court did not give a legitimate reason for withholding leave to amend, it abused its discretion. *See Eminence Capital*, 316 F.3d at 1052 ("A district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." (citing *Foman*, 371 U.S. at 182)). We remand to the district court so that the Hellerviks may file an amended complaint.

**REVERSED** and **REMANDED**.