Travis PICKNEY

v.

MID-STATE MARKETING, LLC

CIVIL ACTION NO. 1:16-cv-0152

United States District Court,
W.D. Louisiana,
Alexandria Division.

Signed August 29, 2016

Christopher Lane Williams, Williams Litigation, New Orleans, LA, for Travis Pickney.

Steven M. Oxenhandler, Martha R. Crenshaw, Mary Allison Johnson, Michael J. O'Shee, Sam N. Poole, Jr., Gold Weems et al, Alexandria, LA, for Mid-State Marketing, LLC.

### MEMORANDUM RULING

Mark L. Hornsby, U.S. Magistrate Judge

Travis Pickney ("Plaintiff") commenced this action against his former employer, Mid-State Marketing, LLC and asserted claims under the Fair Labor Standards Act ("FLSA"), Louisiana wage payment statutes, and state-law tort. Plaintiff alleged that he worked for Mid-State as an ice cream delivery driver. He was initially paid on a commission basis but later told that he would be paid a weekly salary. Complaint, ¶ 1,7. He noticed deductions from his wages that were not the result of any fault by him. ¶ 8-9. Plaintiff complained to Mid-State. Shortly afterward, and just before Plaintiff was scheduled to use his accrued vacation, he was fired. ¶ 10-12. Mid-State made more deductions so that Plaintiff's final paycheck was zero dollars. ¶ 13. The total deductions were approximately $1,300. ¶ 14. Plaintiff's com-

plaint asserted counts under the FLSA anti-retaliation provision, Louisiana law of conversion, unlawful deductions in violation of La. R.S. 23:635, and violation of the Louisiana Wage Payment Act, La. R.S. 23:631 et. seq.

Less than two months after the original complaint was filed, Plaintiff filed a motion for leave to amend his complaint (Doc. 12) and assert a collective action under the FLSA[1] and a Fed. R. Civ. Pro. 23 class action with respect to the state law claims. The proposed collective action is on behalf of Plaintiff and all similarly situated employees who were paid on a salary basis and who Mid-State made deductions from their salary that were not permitted by the FLSA. The proposed class action is on behalf of Plaintiff and other workers who have not received all wages owed as a result of the unlawful deduction policy and have not received all wages due within the time prescribed by Louisiana law. Plaintiff represents that the size of the proposed class is in excess of 70 employees. The proposed amended complaint asserts the same counts or legal theories as the original.

■ The court "should freely give leave [to amend a complaint] when justice so requires." F.R.C.P. 15(a)(2). The Fifth Circuit interprets Rule 15 as having a heavy bias in favor of granting leave. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir.1999). See also Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)(refusal to grant leave to amend "without any justifying reasons is not an exercise of discretion; it is merely abuse of that discretion.").

■ It is, however, "within the district court's discretion to deny a motion to amend if it is futile." Stripling v. Jordan Production Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000). The Fifth Circuit has joined other circuits that "have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted." Id. at 873. The applicable standard is the same requirement of legal sufficiency as applies under Rule 12(b)(6). Id.

■ Mid-State argues that the proposed collective and class action claims are futile and would be unduly prejudicial. It attacks the claim for conversion as impermissible double recovery because Plaintiff seeks the same wages under other state law theories. Plaintiff responds that it is permissible to assert claims in the alternative. It is certainly common for a Plaintiff to assert several theories of recovery based on the same event or loss. Mid-State complains that Plaintiff did not clearly label his claims as alternative in his complaint, but that does not warrant dismissal of any claim at this point. That is simply the sort of issue that is sorted out rather easily during the course of litigation.

Mid-State complains that Plaintiff's proposed amendment does not list all five elements of unjust enrichment under Louisiana law. The proposed amended complaint does mention unjust enrichment in paragraph two, but it does not appear to set forth a separate count under that theory. Plaintiff clarifies in footnote 5 of his memorandum (Doc. 23, p. 7) that he "does not intend to assert a separate cause of action for unjust enrichment in the proposed Amended Complaint."

Mid-State next attacks Plaintiff's proposed class action claims on the grounds that Plaintiff will be unable to meet the demanding requirements of Fed. R. Civ. Pro. 23. Mid-State then engages in a detailed analysis of factors such as numerosity, predominance of individual issues, superiority of the class action procedure, the effect of defenses that Mid-State may offer, and an outright attack on the merits of some claims. The attack on the merits is based on a denial that certain deductions were made, as alleged, and an affidavit from the owner of Mid-State who sets forth his version of the facts underlying the case. With respect to the collective action claims, Mid-State makes a similar argument that Plaintiff would not be able to make the

---

1. See Mooney v. Aramco Serv. Co., 54 F.3d 1207 (5th Cir.1995) and Updite v. Delta Beverage Group, Inc., 2006 WL 3718229 (W.D.La.2006) (describing certification process).

required showings for initial certification and, assuming he did, could not defeat a decertification motion. This argument is, again, based on a fairly detailed assessment of the purported facts and takes into consideration those facts asserted by Mid-State.

The undersigned finds that Mid-State has not demonstrated that the proposed amended complaint fails altogether to state a claim on which relief may be granted. The best exercise of the court's discretion under these circumstances is to allow the proposed amendment. The litigation can then run its course, and the merits of any particular claims and the suitability of the case for a collective action or class action can be tested through the particular processes that have been developed for doing so. It is simply premature to assess such multifaceted and fact intensive matters based on nothing but a proposed amended complaint and an affidavit from a representative for the defendant.

Mid-State argues that it will be unduly prejudiced if it has to endure such proceedings. Mid-State, like most defendants, would prefer to not incur the expenses of litigation. But under our legal system that is what a defendant must do when a non-frivolous claim has been asserted against it. The court will attempt to schedule the pre-certification discovery and related proceedings in a prompt and efficient way that reduces, to the extent reasonably possible, the expense or prejudice to any party. There is no showing of undue prejudice that could warrant denying Plaintiff even the opportunity to assert his class and collective claims. For the reasons set forth above, Plaintiff's **Motion to Amend Complaint (Doc. 12)** is **granted.**

Local Rule 23.1 allows 90 days from filing a complaint to file a motion for class certification. Plaintiff filed a **Motion for Extension of Time (Doc. 15)** and asked for a 180-day extension of that period. Mid-State opposed the request on the grounds that it had not then been determined whether class/collective claims would be allowed and that insufficient good cause had been shown for such an extension.

That motion is **granted in part** and **denied in part.** Plaintiff is granted an extension of the time to file a motion or motions for class/collective certification until a deadline that will be set by the court after further consideration. The undersigned ordinarily holds a conference with the attorneys in such cases to discuss the amount of time necessary for reasonable discovery and other issues related to certification of a class or collective action. The court then sets a schedule for the completion of that discovery and the filing and briefing of a motion for certification. The process in this case will be announced after consultation with the district judge.