**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1821
_____

RONNIE COLEMAN, JR.,

Appellant

v.

NEW JERSEY TRANSIT; NEW JERSEY TRANSIT POLICE DEPARTMENT;
and NEW JERSEY TRANSIT CORPORATE HEADQUARTERS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:18-cv-16835)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 18, 2020

Before:  AMBRO, PORTER and SCIRICA, <u>Circuit Judges</u>

(Opinion filed:  December 22, 2020)

_____

OPINION[*]

_____

PER CURIAM

Ronnie Coleman, Jr. claims to have been physically harmed by several law enforcement officers, both during an altercation on a train operated by New Jersey Transit Corporation (NJ Transit) and during his subsequent detention at the Secaucus Junction Transit Station in Secaucus, New Jersey. Coleman sued only the entities he believed were responsible for his assailants and, therefore, his injuries: NJ Transit and the NJ Transit Police Department (collectively, Defendants).[1]

Defendants responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that as a matter of law they are not considered "person[s]" subject to suit under 42 U.S.C. § 1983, the federal civil rights statute. The District Court agreed, and concluded as well that any apparent state law claims raised by Coleman were equally defective as a matter of law. The District Court thus granted Defendants' motion to dismiss.[2] This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. For a pro se civil rights action like this one, our rule is that "district courts must offer amendment—irrespective of whether it

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Coleman also named "New Jersey Transit Corporate Headquarters" as a defendant, but that appears to be a redundancy.
[2] The District Court also denied as moot Coleman's motion for default judgment.

2

is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). The District Court does not appear to have considered whether an opportunity to amend could have benefited Coleman. Cf. Foman v. Davis, 371 U.S. 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason [i.e., inequity or futility] appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."). And, from our vantage point, it seems quite possible that an amended complaint could have set forth plausible claims under § 1983 against the individual law enforcement officers that Coleman made reference to in the original pleading.

Accordingly, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.