**FILED**
October 24, 2024 04:23 PM
ST-2009-CV-00070
**TAMARA CHARLES**
**CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| TARIQ DAVIS, a minor, by his parents and next ) friends, DIANNE BYNOE and ROOSEVELT ) DAVIS, and DIANNE BYNOE and ROOSEVELT ) DAVIS on their own behalf ) ) | CASE NO. ST-2009-CV-00070 |
| Plaintiffs, ) vs. ) ) | ACTION FOR DAMAGES |
| AMERICAN YOUTH SOCCER ) ORGANIZATION, VIRGIN ISLANDS ) AMERICAN YOUTH SOCCER ) ORGANIZATION, THE UNIVERSITY OF THE ) VIRGIN ISLANDS, and LAVAR BROWNE ) ) Defendants. ) ) | JURY TRIAL DEMANDED |

Cite as 2024 VI Super 43U

**MEMORANDUM OPINION**

¶1      **THIS MATTER** comes before the court on Plaintiffs' Motion to Amend Complaint, filed January 16, 2015 ("Motion to Amend")[1] and Plaintiffs' Supplemental Motion to Amend Complaint, filed February 19, 2016 ("Supplemental Motion"),[2] pursuant to Federal Rule of Civil Procedure 15(c) (collectively, "Instant Motion").[3]  Both motions included different proposed

---

[1]  On February 4, 2015, Defendant UVI filed an opposition; and Defendants, American Youth Soccer Organization and V.I. American Youth Soccer Organization, filed their opposition on March 10, 2015.

[2]  During a status conference hearing on January 5, 2016, Plaintiffs orally moved to supplement the motion to amend the complaint, and the court granted Plaintiffs leave to do so. As a result, the Plaintiffs filed the Supplemental Motion on February 19, 2016. Defendants American Youth Soccer Organization and V.I. American Youth Soccer Organization filed an opposition to the Supplemental Motion on September 1, 2016 ("Opposition"); and on September 16, 2024, Defendant The University of the Virgin Islands joined the AYSO defendants' Opposition. Plaintiffs request that the Amended Complaint attached to the Supplemental Motion supersede the Amended Complaint attached to the initial Motion to Amend.

[3]  At the time the Motion to Amend, Supplemental Motion, and other related moving papers were filed, the Federal Rules of Civil Procedure applied to this matter by way of Superior Court Rule 7. *See* SUPER. CT. R. 7 (repealed on

amended complaints, however, the proposed amended complaint attached to the Supplemental

Motion ("First Amended Complaint") supersedes the proposed amended complaint attached to the

Motion to Amend.[4]

For the reasons set forth herein the Instant Motion will be granted.

## BACKGROUND

¶2 The instant action arose from an incident where, on or around February 17, 2007, Plaintiff

Tariq Davis ("Tariq") was struck by a vehicle on a public roadway ("February 2007 incident").

Tariq, a minor at the time, was practicing soccer with several teammates on the soccer field at the

University of the Virgin Islands ("UVI").[5] When a ball was kicked onto the roadway ("Julian

Jackson Drive") next to the field, Tariq chased after it and was struck by a vehicle driven by

Defendant Lavar Browne ("Defendant Browne").[6] Tariq's parents, Roosevelt Davis and Dianne

Bynoe, filed a complaint on February 12, 2009,[7] claiming Tariq's injuries were caused by

Defendants' negligence ("Complaint"). The Complaint claims, *inter alia*, Defendants American

Youth Soccer Organization ("AYSO"), V.I. American Youth Soccer Organization ("VI AYSO"),

---

Feb. 15, 2019, by S. Ct. Prom. No. 2019-003). The V.I. Rules of Civil Procedure were enacted on March 31, 2017, and they govern actions where the proceedings were pending on the effective date of the V.I. Rules, unless the Superior Court expressly finds that applying them "would be infeasible or would work an injustice." V.I. R. CIV. P. 1-1(c)(2)(B) (2017). Although the parties briefed the motions before the V.I. Rules of Civil Procedure took effect, and neither of the parties re-filed moving papers regarding this matter after the V.I. Rules of Civil Procedure Rules went into effect; the court finds that it would not be infeasible and unjust to apply rules which the parties did not brief given the case was still pending when the V.I. Rules of Civil Procedure became effective. *Basic Servs., Inc. v. Gov't of V.I.*, 2019 VI 21, ¶ 11. Therefore, the court will proceed with the rules and standards set forth in the V.I. Rules of Civil Procedure.

[4] Pls.' Suppl. Mot. to Amend 2, n.1, Feb. 19, 2016.

[5] Compl. ¶ 13, Feb. 12, 2009.

[6] *Id.*

[7] In their individual capacities as well as on behalf of Tariq.

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 3 of 12

Cite as 2024 VI Super 43U

and UVI failed to supervise the subject soccer game, failed to adequately monitor and supervise Tariq's practice, and failed to fence and/or enclosed the subject field.[8]

## DISCUSSION

¶3    Plaintiffs seek to make two distinct amendments to the Complaint: remove allegations against Defendant Browne and add a claim for gross negligence, as Count II, against Defendants AYSO, VI AYSO, and UVI. None of the Defendants oppose the removal of the claim against Defendant Browne since Plaintiffs have already settled with him and that claim was dismissed.[9] Therefore, the court will only focus on the portion of the Instant Motion that seeks to add a claim for gross negligence against Defendants AYSO, VI AYSO, and UVI (collectively, "Defendants"). Overall, the First Amended Complaint seeks to amend several of the general factual allegations,[10] the negligence claim,[11] and expand allegations to add a claim for gross negligence.[12]

¶4    As a basis for its addition of a claim for gross negligence, Plaintiffs' new allegations assert that Defendants had knowledge of soccer balls crossing onto Julian Jackson Drive prior to the February 2007 incident; and AYSO and VI AYSO failed to supervise its players. [13] As a result, Plaintiffs assert that Defendants' conduct rose to a level above mere, ordinary negligence because Defendants "recklessly and unreasonably disregarded these risks by failing to

---

[8] Compl. ¶18.

[9] Plaintiffs' claims against Defendant Browne were dismissed with prejudice on September 23, 2013, pursuant to a stipulation for dismissal filed by the parties.

[10] *See generally* Pls.' Suppl. Mot., First Am. Compl.

[11] *Id.*

[12] *Id.* at ¶¶19-29.

[13] Pls.' Suppl. Mot., Mem. of Law 28.

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 4 of 12

Cite as 2024 VI Super 43U

enclose the field and/or to provide proper supervision to its young players and proper instruction and training to its volunteer parents and coaches."[14]

¶5    Plaintiffs contend that testimony—in particular, by Adalio Araujo ("Araujo"), a former VI AYSO soccer coach—is demonstrative of Defendants' awareness of the risk that children would run onto Julian Jackson Drive during AYSO games to retrieve errant soccer balls.[15]   Plaintiffs contend Defendants failed to act to avert those risks.   In addition, Plaintiffs claim their First Amended Complaint will not cause undue delay or prejudice to Defendants because the gross negligence claim revolves around the same set of facts that were alleged in the original Complaint.[16]   Plaintiffs assert the proposed amendments and complaint concern the same subject matter and the parties have conducted discovery and thus the Instant Motion should be granted.[17]

¶6    In opposition, AYSO and VI AYSO ("AYSO Defendants") argue Plaintiffs should not be permitted to amend the Complaint because adding a gross negligence claim would be futile. Arguing there is no factual content demonstrating conduct qualifying as gross negligence, Defendants oppose amending the complaint because they argue a claim for gross negligence entails a distinct level of culpability compared to ordinary negligence – i.e., gross negligence requires demonstrating that Defendants' conduct rose to a wanton, reckless, or conscious indifference to Tariq's safety.[18]  Defendants assert the First Amended Complaint falls short of establishing a gross negligence claim because Plaintiffs do not demonstrate a legal duty owed by Defendants; it was not foreseeable that Tariq would be injured by the impact of a speeding car; and the alleged

---

[14] *Id.* at 29.

[15] Pls.' Suppl. Mot., Mem. 3-5.

[16] Pls.' Mot. to Amend, Mem. 7.

[17] *Id.*

[18] Defs.' Resp. in Opp'n to Pls.' Suppl. Mot. 23, Sept. 1, 2016 (hereinafter cited as "Defs.' Opp'n").

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 5 of 12

Cite as 2024 VI Super 43U

behavior does not rise to the level of wanton or reckless behavior.[19] The AYSO Defendants also oppose the proposed amendments as futile because they argue, citing V.I. CODE ANN. tit. 5, § 31(5)(A), that the statute of limitations has run on the gross negligence claim.[20]

¶7 Moreover, the AYSO Defendants argue that granting leave to Plaintiffs to amend the Complaint, at this stage in the proceedings, would unduly prejudice them. The AYSO Defendants reason that Plaintiffs' delay in bringing the gross negligence claim was inexcusable and reopening discovery would cause undue burden and expense further delaying the matter.[21] Specifically, the AYSO Defendants contend the proposed amendments would unduly prejudice them because Defendant Browne was dismissed from the matter on September 13, 2013, and the AYSO Defendants would have to reopen the depositions of multiple witnesses to examine them on the issue of gross negligence.[22]

*Legal Standard*

¶8 Pursuant to V.I. R. CIV. P. 15(c) "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . .". V.I. R. CIV. P. 15(c)(1)(B). Still, the grant or denial of a motion to amend rests within the sound discretion of the court, and "[t]he court should freely give leave when justice so requires." V.I. R. CIV. P. 15(a)(2); *Powell v. FAM Protective Servs., Inc.*, 2020 VI 3, ¶14; *Basic Servs., Inc. v. Gov't of V.I.*, 2019 VI 21, ¶26. Reasons for the court to deviate from the norm of freely granting leave include,

---

[19] *Id.* at 9, 16, 22.

[20] *Id.* at 30.

[21] *Id.* at 34.

[22] *Id.* at 33-34.

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 6 of 12

Cite as 2024 VI Super 43U

but are not limited to, an undue prejudice to the opposing party and whether it would be futile to amend. *Powell*, ¶14; *Basic Servs.*, ¶26. Although no factor on its own tips the scales of the court's consideration, a strong gauge for denial is when the allowing leave to amend causes undue prejudice to the nonmoving party. *Liburd v. V.I. Water & Power Auth.*, 2023 VI Super 76, ¶12; *Davis v. UHP Projects, Inc.*, 2019 VI Super 119, ¶12; *Tutein v. Parry*, 48 V.I. 101, 109 (V.I. Super. Ct. 2006).

## I.   Plaintiffs' proposed amendments are not futile.

¶9     The court should freely grant motions to amend when justice so requires, V.I. CIV. P. 15(a)(2), but a motion to amend may be denied if the complaint, as amended, is futile; and futility is determined by considering whether the proposed amendments are "frivolous, . . . barred by the statute of limitations, or would otherwise not survive a motion to dismiss." *Bruni v. Alger*, 2019 VI Super 90, ¶11; *see Powell*, ¶¶14, 20; *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Defendants do not argue the First Amended Complaint is futile because the proposed amendments are frivolous, but because, as amended, it would likely not survive a motion to dismiss, and because the gross negligence claim would be barred by the statute of limitations.

   a. The First Amended Complaint would likely survive a motion to dismiss because, as amended, the gross negligence allegations state a claim upon which relief could be granted.

¶10    Plaintiffs allege Tariq was a member of a youth soccer team associated with the AYSO Defendants;[23] and that AYSO and VI AYSO used the field for young players despite the field being open and unfenced with no barriers separating it from Julian Jackson Drive.[24] Plaintiffs claim Defendants had prior knowledge of a risk of young players crossing onto Julian Jackson

---

[23] *See* Pls.' Suppl. Mot., First Am. Compl. ¶¶3-6.

[24] *Id.* at ¶22.

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 7 of 12

Cite as 2024 VI Super 43U

Drive to retrieve errant soccer balls; a risk, Plaintiffs allege, that Defendants recklessly and unreasonably disregarded.[25] Lastly, Plaintiffs allege Defendants' failure to act was the cause of Tariq's injuries.[26] Plaintiffs' allegations concerning Defendants' reckless failure to enclose the field, to provide proper supervision to its young players, or to properly instruct and train volunteer parents relies on Plaintiffs' assertion that prior to the February 2007 incident there were other occurrences of young players crossing onto Julian Jackson Drive to retrieve errant soccer balls during AYSO games.[27]

¶11    The AYSO Defendants oppose the Instant Motion on the grounds that it is futile since Plaintiffs did not properly state a gross negligence claim. For instance, the AYSO Defendants maintain that Plaintiffs did not establish that they owed a legal duty to Plaintiffs, that it was not foreseeable that Tariq would be injured by the impact of a speeding car, nor that Defendants' conduct rose to the level of wanton or reckless behavior demonstrating a conscious indifference to the safety of the players. The AYSO Defendants also contend that their alleged failure to act is not sufficient to rise to the level of a conscious indifference to Tariq's safety on February 17, 2007, which is necessary to prove gross negligence. Defendant UVI, adopting and incorporating all of the AYSO Defendants' arguments and citations, highlight that a gross negligence claim was not established because there were no reports of accidents where a pedestrian was struck while crossing Julian Jackson Drive prior to the February 2007 incident.[28]

---

[25] *Id.* at ¶¶24-25, 28.

[26] *See id.* at ¶¶22-23, 25, 28-29.

[27] Pls.' Suppl. Mot., Mem. 3-4, 6-7; *see* Pls.' Suppl. Mot., Am. Compl. ¶28.

[28] Def. UVI's Joinder 1-2, Sept. 8, 2016.

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 8 of 12

Cite as 2024 VI Super 43U

¶12    The Virgin Islands became a notice pleading jurisdiction after the V.I. Rules of Civil Procedure went into effect in March of 2017. V.I. R. Civ. P. 8(a)(2). Accordingly, to survive a motion to dismiss, a complaint must state a claim upon which relief could be granted, which is sufficiently pled when the complaint adequately alleges enough facts to put an accused party on notice of the claims against it. *Scully v. Peterson*, Super. Ct. Civ. No. ST-16-CV-196, 2018 WL 4348345, at *3 (V.I. Super. Ct. Jan. 25, 2018) (unpublished) (quoting *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017)). Under this new notice pleading standard, which is quite different to the standard under which the parties briefed the Instant Motion, the factual allegations made in a complaint must only be adequately alleged to put the accused party on notice of the claims against it. *Scully*, 2018 WL 4348345, at *3; *Mills-Williams*, 67 V.I. at 585.

¶13    The court finds that Plaintiffs pled sufficient facts to put Defendants on notice of the gross negligence claim being brought against them. Therefore, the gross negligence claim states a claim upon which relief may be granted.

   b.   The gross negligence claim is not barred by the statute of limitations as the allegations relate back to the original pleading.

¶14    Proposed amendments that relate back to the allegations of the original pleading are not barred by the statute of limitations. *Bluewater Construction, Inc. v. Hill*, 2022 VI Super 87U, ¶25. Pursuant to V.I. R. Civ. P. 15, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" V.I. R. Civ. P. 15(c)(1)(B); *see Bluewater*, ¶19. *Venrick Lake v. Kmart Corp.*, Super. Ct. Civ. No. ST-10-CV-50, 2012 WL 13220156, at *2 (V.I. Super. Ct. June 29, 2012) (unpublished) (noting that once the statute of limitations bars a claim, a plaintiff must satisfy the requirements of Rule 15(c)(1)(B)).

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 9 of 12

Cite as 2024 VI Super 43U

¶15    The AYSO Defendants assert the gross negligence claim is barred by the statute of limitations, pursuant to 5 V.I.C. § 31,[29] because Tariq's injuries were sustained on February 17, 2007, and Plaintiffs did not move to amend the Complaint until January 5, 2015. Specifically, the AYSO Defendants argue the tolling provision under 5 V.I.C. § 36(a)(1)[30] does not apply because the instant action was commenced on February 12, 2009, and the tolling provision, they argue, would not apply "to add claims which could have been brought at the time the action was commenced."[31] The AYSO Defendants also contend the discovery rule doctrine does not toll the statute of limitations because Tariq's injuries occurred on February 17, 2007 and were immediately evident. And the discovery rule applies "when, despite the exercise of due diligence, the injury or its cause is not immediately evident to the victim." *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (V.I. 2012). The AYSO Defendants also highlight that Plaintiffs have not addressed the issue of the statute of limitations, have not alleged facts that would toll the statute of limitations, nor excused their failure to timely bring the gross negligence claim.[32]

¶16    Here, the First Amended Complaint seeks to add a gross negligence claim that relies on the same fundamental allegations asserted in the Complaint. *Bluewater*, ¶26. Accordingly, the court finds the allegations involving the gross negligence claim grow out of the same allegations as those of the original Complaint and the occurrence of the February 2007 incident, and, as such, the gross negligence claim relates back to the date of the original complaint, pursuant to V.I. R. CIV. P.

---

[29] Pursuant to 5 V.I.C. § 31, "[a]n action . . . for any injury to the person or rights of another not arising on contract" can be commenced within two years after the cause of action has accrued. 5 V.I.C. § 31(a)(5).

[30] Under 5 V.I.C. § 36, when a person who is entitled to bring an action is, at the time the cause of action accrues, under twenty-one years of age, "the time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases." 5 V.I.C. § 36(a).

[31] Defs. AYSO and VI AYSO's Opp'n 30.

[32] *Id.* at 31-32.

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 10 of 12

Cite as 2024 VI Super 43U

15(c). Therefore, the court finds that the proposed amendments are not barred by the statute of limitations since the allegations associated with the gross negligence claim arose out of the occurrence of the February 2007 incident.

## II. Granting leave for Plaintiffs to add a gross negligence claim would not cause undue prejudice to Defendants.

¶17 Proposed amendments that cause undue prejudice to the non-moving party are not favored because undue prejudice is "the touchstone for the denial of the amendment." *Tutein*, 48 V.I. at 109. Prejudice is undue when the non-moving party demonstrates that it would be "unfairly disadvantaged or deprived of an opportunity to represent facts or evidence which it would have offered had the . . . amendments been timely." *Id.* (quoting *Stridiron v. Mobile Paint Mfg. Co. of Delaware*, Civ. No. 2002/44, 2003 WL 23198843, at *3 (D.V.I. Dec. 15, 2003) (unpublished)). As such, amendments may be prejudicial when they substantially change the theory on which the action is proceeding, and if the non-moving party must engage in significant new preparation as a consequence of new theories. *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 106 F. Supp. 2d 737, 745 (D.N.J. 2000).

¶18 Defendants contend they would be unduly prejudiced if the court granted Plaintiffs leave to amend because Defendant Browne was dismissed from the matter and released based on the fact that Plaintiffs had only asserted a claim for ordinary negligence against Defendant Browne.[33] The AYSO Defendants maintain they "waive[d] any claims against Browne related to this lawsuit including but not limited to claims for defense, indemnity, contribution, and attorney fees, costs, and expenses."[34] Moreover, the AYSO Defendants state they would be prejudiced if the Instant

---

[33] Defs. AYSO and VI AYSO's Opp'n 32.

[34] *Id.* at 2, Ex. E.

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 11 of 12

Cite as 2024 VI Super 43U

Motion is granted because they would be required to reopen discovery, which would cause an undue burden in the form of expenses and would further delay the matter because witnesses would need to be re-deposed on the gross negligence claim.[35] The AYSO Defendants contend Defendant Browne was only deposed on the sole claim at the time: negligence.[36] The AYSO Defendants also assert the depositions of three other witnesses would need to be re-opened.

¶19     The court notes, however, that while discovery has been conducted in this matter, it is not completed nor closed. In fact, pending before the court is the AYSO Defendants' own motion to amend their answer to file counterclaims and a third-party complaint against two additional parties, which the AYSO Defendants filed more than 10 years *after* they filed their initial answer. Moreover, the AYSO Defendants have not demonstrated how they would be unfairly disadvantaged or deprived of an opportunity to properly present its case against the gross negligence claim, as the court is not persuaded that the dismissal of the claim against Defendant Browne is unduly prejudicial to Defendants. *But see Powell*, ¶¶26, 28[37]; *Davis*, ¶¶8, 18. Considering the totality of the circumstances surrounding the instant action, the court finds that Defendants would not be unduly prejudiced by allowing Plaintiffs to amend the Complaint.

## CONCLUSION

¶20     Plaintiffs' Instant Motion must be granted because Defendants have not demonstrated that the new claim is futile or will cause Defendants to suffer undue prejudice. An examination of the

---

[35] *Id.* at 33-34.

[36] Defs. AYSO and VI AYSO's Opp'n 33.

[37] In *Powell*, the V.I. Supreme Court determined the Superior Court had abused its discretion because it allowed the movant to amend a pleading not only "on the eve of trial" but, also, after "an unexcused, eight-year delay". *Powell*, ¶¶24, 29. Here, although the delay in moving to amend is similar in time and Plaintiffs have not provided a reason for their delay, the proceeding is ongoing; no trial date has been set and discovery is not completed nor closed. *Cf. Davis*, ¶18 (finding undue prejudice when the discovery process was not utilized to its full potential).

*Davis v. American Youth Soccer Org.*
Case No. ST-2009-CV-00070
Memorandum Opinion - Motion to Amend Complaint
Page 12 of 12

Cite as 2024 VI Super 43U

gross negligence claim leads the court to find it is not a futile claim, and the claim will likely survive a motion to dismiss because the gross negligence claim provides sufficient notice to Defendants of the allegations against them; and the gross negligence claim is not barred by the statute of limitations.

¶21　　There exists a strong preference for trial courts to decide cases on their merits. *Powell*, ¶21. The court does not find a reason to deviate from the norm of granting leave for a party to amend its pleading and leave to amend must be freely granted when justice so requires. Because it would not be futile or unduly prejudicial, the court will grant the Plaintiffs' Instant Motion to amend their complaint to add a claim for gross negligence.

DATED:　October **24**, 2024

**A T T E S T:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____

**LATOYA CAMACHO**
Court Clerk Supervisor　*10 / 24 2024*

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands